**AVCO CORPORATION (LYCOMING DIV.), Plaintiff,**

v.

**LOCAL 1010 OF THE INTERNATIONAL UNION (UAW AFL–CIO) et al., Defendants.**

**Civ. No. 12540.**

United States District Court
D. Connecticut.

June 26, 1968.

Robert J. Cooney, of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for plaintiff Avco Corporation (Lycoming Div.).

John A. Arcudi, Bridgeport, Conn., for defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW AFL-CIO).

Edward G. Burstein, of Burstein & Goldman, Bridgeport, Conn., for defendant Local 1010 of the International Union (UAW AFL–CIO).

TIMBERS, Chief Judge.

Plaintiff Avco Corporation (Lycoming Div.) having moved to remand this action to the Superior Court for Fairfield County; and

The Court having heard argument of counsel, having received and considered the motion, briefs, and all papers on file; and

The Court being of the opinion that the motion to remand should be granted for the reasons that

(1) This action, in which plaintiff seeks injunctive relief for alleged violation of a labor-management agreement, was instituted in the state court, the complaint having been served in December 1965. Defendants' petition for removal to the federal court was filed May 8, 1968, and thus was not filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as required by 28 U.S.C. § 1446(b).

■■ (2) Defendants claim that the fact of removability did not arise until April 8, 1968, when the Supreme Court, in Avco Corp. v. Aero Lodge 735, 390 U.S. 577, (1968), ruled that such cases were removable, and that the petition was therefore timely under the further provision of § 1446(b) that "If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Court believes, however, that this further provision relates only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is stated; it does not include, as an "order or other paper," a subsequent court decision, in a wholly unrelated case, defining what constitutes a basis for removal to the federal court. Defendants do not claim that there has been any amended pleading, motion, order or other paper filed in the instant action itself which has revealed any federal issue not stated in the original complaint. The

petition to remove was not timely under this further provision of § 1446(b).

It is therefore

ORDERED that the motion by plaintiff Avco Corporation (Lycoming Div.) to remand this action to the Superior Court for Fairfield County be, and it hereby is, granted.