Rhonda HOLIDAY, Plaintiff,

v.

The TRAVELERS INSURANCE COM-
PANY and Northwest Financial
Express, Inc., Defendants.

John GILLIN and Lora Gillin,
Husband and Wife, Plaintiffs,

v.

The TRAVELERS INSURANCE
COMPANY, Defendant.

Civ. Nos. 87–5055, 87–5056.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

Aug. 5, 1987.

Don R. Elliott, Jr., Fayetteville, Ark., for Rhonda Holiday.

Peter G. Estes, Jr., Fayetteville, Ark., for John Gillin and Lora Gillin.

A.D. McAllister, Jr., Fayetteville, Ark., for defendants.

### MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

Before the court are petitions for removal in two actions originated in state court. The first action, *Rhonda Holiday v. The Travelers Insurance Company and Northwest Financial Express, Inc.*, No. 87–5055, sought a declaratory judgment and was originally filed on April 15, 1986, in the Washington County Chancery Court, Washington County, Arkansas. This case was subsequently transferred to Washington County Circuit Court. The amended complaint filed in circuit court sought damages for breach of an insurance contract. The plaintiff alleged that she was entitled to reimbursement under the employee benefit plan in effect at her place of employment prior to her termination.

The second action, *Gillin v. The Travelers Insurance Company*, No. 87–5056, was originally filed on March 27, 1985, in the Benton County Circuit Court, Benton County, Arkansas. This complaint also alleged a common law cause of action for breach of a group health insurance policy pursuant to an employees' benefit plan.

Travelers Insurance Company filed petitions seeking to remove these actions to federal court on April 29, 1987, and April 30, 1987, respectively, pursuant to 28 U.S.C. § 1441(a) and 29 U.S.C. § 1001 *et seq.* The defendant asserts these causes of action are removable and that this court has original jurisdiction under 28 U.S.C. § 1441(a), and the decisions of the Supreme Court in *Metropolitan Life Ins. Co. v. Taylor*, —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), and *Pilot Life Ins. Co. v. Dedeaux*, —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

The court, after having reviewed the petitions for removal, requested that the parties provide letter briefs concerning the "removability" of these causes of action. After a review of the letter briefs filed by the parties the court, by order and explanatory letter dated June 1, 1987, determined that the petitions for removal must be denied as untimely. The reasons for denial of the removal petitions and subsequent remand to state court will be addressed below.

The procedure for removal is set forth in 28 U.S.C. § 1446. Section 1446(b) requires that the petition for removal be filed:

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The second paragraph of section 1446(b) provides an additional period within which removal is proper when the cause of action stated by the initial pleading *was not* removable.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained* that the case is one which is or has become removable. (emphasis added).

The time limitations of section 1446(b) are mandatory and must be strictly complied with. 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3732 (2d ed. 1985). Additionally, the removal statute must be strictly construed in favor of state court jurisdiction. *Keller v. Carr*, 534 F.Supp. 100 (W.D.Ark.1981) (and cases cited therein).

Defendant in support of its removal petitions presents a two-fold argument. First, the defendant contends that the complaints and amended complaints alleged a common law cause of action for breach of a group health insurance policy which was not removable to federal court. This argument is based on the alleged absence of any federal question on the face of the complaint.

Second, the defendant points to two recent Supreme Court cases holding that common law contract and tort actions are preempted by federal law in any lawsuit relating to an employee benefit plan within the meaning of ERISA. *Metropolitan Life, supra; Pilot Life, supra;* Employees Retirement Income Security Act, 29 U.S.C. § 1144(a). Defendant contends that these Supreme Court opinions constitute "other papers" from which it was first ascertainable that the cases were removable within the meaning of section 1446(b) (second paragraph).

The general rule governing removability of a cause of action is set forth in 28 U.S.C. § 1441, which provides in part that:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of

the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

The "well pleaded complaint rule" has long governed the determination of whether the cause of action "arises under" federal law. *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *First Nat. Bank of Aberdeen v. Aberdeen Nat. Bank,* 627 F.2d 843 (8th Cir.1980). While there is no precise test to aid in the determination of whether a cause of action "arises under" the laws of the United States, as a general proposition it can be stated that a right created by federal law must be an essential element of the plaintiff's cause of action and that the centrality of the federal claim must appear on the face of the complaint, unaided by the answer or petition for removal. *Metropolitan Life Insurance Co. v. Taylor,* — U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

The federal question cannot enter the case solely by way of the defendant's answer—a defense is not a ground for removal. *Franchise Tax Board, supra; First Nat. Bank of Aberdeen, supra.* The issue of federal preemption frequently appears as a defense and therefore would not be a ground for removal. *Id.* at 852. However, as noted by the Supreme Court in *Metropolitan Life, supra,* "One corollary of the well-pleaded complaint rule developed in the case law ... is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in charac-

ter." *Metropolitan Life,* —— U.S. at ——, 107 S.Ct. at 1546.

In determining whether the cause of action "arises under" federal law, it is not necessary that the complaint specifically cite the law involved. Indeed, absent fraud or a complaint so vague as to contain "no clue" as to the removability of the case, the defendant has the burden of scrutinizing the pleadings to determine removability. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3732 (2d ed. 1985). At least one court has extended this burden to cases in which the initial pleading is indeterminate on its face. *See Kaneshiro v. North American Co. for Life & Health Ins.,* 496 F.Supp. 452 (D. Hawaii 1980).

With these general rules in mind, an examination of the cases at hand is appropriate. Both complaints allege that defendant breached the terms of group health and medical insurance plans by failing to pay benefits to the plaintiffs or plaintiffs' medical care providers. There is no dispute between the parties that the plans themselves come within the coverage of ERISA. The dispute centers around whether a common law breach of contract action such as those alleged in the complaints comes within the scope of ERISA and was therefore removable when originally filed.

ERISA specifically creates a federal cause of action over claims by an employee "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA by its terms preempts state laws to the extent they relate to employee benefit plans. (Certain plans are exempt. 29 U.S.C. § 1003(b)). The preemption provision provides in pertinent part:

(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...

(c) For purposes of this section:

(1) The term "State Law" includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State.

29 U.S.C. § 1144.

Through ERISA, Congress has set "minimum, uniform national standards for employee benefit plans to provide for uniform remedies in the enforcement of the plans. In doing so, Congress preempted all state laws which relate to employee benefit plans, not only state laws which directly attempt to regulate an area expressly covered by ERISA." *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1215 (8th Cir.1981). There exists concurrent state and federal jurisdiction under ERISA. 29 U.S.C. § 1132(e)(1). Therefore, any action falling within the coverage of ERISA would be within the original jurisdiction of the district courts since it would present a federal question.

While it is true that the original and amended complaints did not refer to ERISA, the complaints clearly stated a claim for benefits under an employee benefit plan. As noted by the Supreme Court in *Metropolitan Life*, the circuits were split as to whether such claims were removable to federal court. *Metropolitan Life*, —— U.S. at ——, 107 S.Ct. at 1545–46. This split has, of course, been settled by the Supreme Court. At the time the complaints at issue were filed, the Eighth Circuit had determined that such claims were preempted by ERISA. "We conclude that Congress legislated an ouster of all state laws relating to employee benefit plans, given the 'unambiguous congressional mandate to that effect' contained in section 1144." *Dependahl, supra,* quoting *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 147, 83 S.Ct. 1210, 1220, 10 L.Ed.2d 248 (1963).

In view of the foregoing, this court believes that the cases at bar were originally removable. Therefore, defendant's petitions for removal are untimely since they were not filed within the time limits of section 1446(b). However, the court will examine defendant's remaining contention.

Basically, the defendant takes the position that it is entitled to the additional thirty-day time period allowed by the second paragraph of section 1446(b). Defendant argues that its petitions for removal were filed within thirty days after the receipt by the defendant of some "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Here the "other papers" received by the defendant are the two recent Supreme Court opinions, *Metropolitan Life, supra; Pilot Life, supra.*

In presenting this argument, the defendant misconceives the theory behind removal jurisdiction. The right to remove does not emanate from the recent Supreme Court opinions. This court believes that while the Supreme Court opinions certainly clarify the law in this area, they do not "create" new law. As the Supreme Court stated, "The question whether a certain state action is preempted by federal law is one of congressional intent. 'The purpose of Congress is the ultimate touchstone.'" *Pilot v. Dedeaux, supra,* —— U.S. at ——, 107 S.Ct. at 1552 (quoting *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 208, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985), and others). Therefore, since the enactment of ERISA the law has been "hanging out there." The recent decisions have merely illuminated it for us. *See also Metropolitan Life v. Taylor, supra,* —— U.S. at ——, 107 S.Ct. at 1548 (concurring opinions of Justices Brennan and Marshall) (the intent to preempt became effective when ERISA became law). For a recent opinion in substantial agreement with this one *see Douglass v. Weyerhaeuser Co.,* No. CV 86–8214 ER (C.D.Cal. June 2, 1987).

In addition, the court does not "buy" the proposition that the decision of a court—even the Supreme Court—constitutes "other papers" within the meaning of section 1446(b). The second paragraph of section 1446(b) provides a supplemental thirty-day time period within which to file a removal petition "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or oth-

er paper...." The statute contemplates the existence of "both an amended pleading or paper and a ground for ascertaining removability exists for the first time." *Growth Realty Co. v. Burnac Mortgage Investors,* 474 F.Supp. 991 (D.P.R.1979). Clearly, the language of the section suggests that "other papers" is limited to some action taken by one of the parties to the lawsuit which affects the posture or procedure of the case.

Indeed, common rules of statutory construction would suggest that this statutory language be construed in such a manner. The most logical interpretation would suggest the phrase "other papers" was meant to cover papers or actions of the party that appear in or are part of the proceedings in the case in which removal is sought but would not have been considered an amended pleading, order or motion. Additionally, an examination of the decisional law construing the meaning of this language would point to a similar conclusion. *Jackson v. Brooke,* 626 F.Supp. 1215 (D.Colo. 1986) (plaintiff's response to summary judgment motion); *Smith v. International Harvester Co.,* 621 F.Supp. 1005 (D.Nev. 1985) (answers to interrogatories or questions during a deposition); *Brooks v. Solomon Co.,* 542 F.Supp. 1229 (N.D.Ala.1982) (statements of plaintiff); *Growth Realty Co. v. Burnac Mortgage Investors, Ltd.,* 474 F.Supp. 991 (D.P.R.1979) (other papers cannot refer to pleadings filed in a separate distinct case); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3732, and cases cited thereunder.

The court in *Avco Corp. (Lycoming Div.) v. International Union,* 287 F.Supp. 132 (D.Conn.1968), was faced with a situation virtually identical to that in this case and concluded that:

> this further provision [1446(b)] relates only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is stated; it does not include, as an "order or other paper," a subsequent court decision, in a wholly unrelated case, defining what constitutes a basis for removal to the federal court.

*Id.* at 133. While this holding is somewhat more restrictive than recent cases in that it limits "other papers" to those actually filed in the action, the reasoning of the court requiring the alleged "other papers" to affect the cause of action being removed appropriately addresses what this court believes the statutory language requires.

In fact, courts have frequently held that the change of circumstances rendering the case removable must be something that was voluntarily done by the plaintiff. *See Federal Deposit Ins. Corp. v. Otero,* 598 F.2d 627 (1st Cir.1979); *Heniford v. American Motors Sales Corp.,* 471 F.Supp. 328 (D.S.C.1979), *dismissed,* 622 F.2d 584 (4th Cir.1980); *First National Bank, etc. v. Johnson and Johnson,* 455 F.Supp. 361 (E.D.Ark.1978); *Saylor v. General Motors Corp.,* 416 F.Supp. 1173 (E.D.Ky.1976); *White v. Hughes,* 409 F.Supp. 1005 (W.D. Tenn.1975).

Based on the foregoing reasoning, the defendant in this action cannot avail itself of the supplemental thirty-day period for filing a removal petition. Defendant's petitions for removal should have been filed within thirty days after receipt of the complaints filed in the cases at bar. Time limits on removals while not jurisdictional are mandatory and must be strictly construed narrowly and against federal jurisdiction. *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3732, and cases cited thereunder. Therefore, the petitions filed in the cases at bar are denied as untimely and the cases are hereby remanded to state court.