John E. SMITH, Plaintiff,

v.

BURROUGHS CORPORATION, et al., Defendants.

Civ. A. No. 87–CV–60172–AA.

United States District Court,
E.D. Michigan, S.D.

Aug. 24, 1987.

Martin P. Krall, St. Clair Shores, Mich., for plaintiff.

Rick A. Pacynski, Detroit, Mich., for defendants.

ORDER DENYING PLAINTIFF'S
MOTION TO REMAND

LA PLATA, District Judge.

On June 4, 1986, Plaintiff, John Smith, commenced this wrongful discharge action

in the Wayne County Circuit Court against Defendants, Burroughs Corp., Richard Clayton, and an unspecified number of John Does. Service was effectuated on Defendant Burroughs on June 27, 1986. Defendant, on May 6, 1987, some 11 months after service, filed a petition for removal of the action to this District Court. Plaintiff, arguing that Defendant's removal petition is untimely, requests in his June 29, 1987, motion, this Court to remand the action to the Circuit Court.

In their response to Plaintiff's motion, Defendant correctly states that the law at the time the suit commenced forbid Defendant from removing the action and in fact subjected the Defendant to sanctions if removal was attempted.[1] In April of 1987 the law was reversed allowing removal of such actions.[2] Maintaining that he is caught in a Catch 22, Defendant requests that his petition for removal be deemed timely.

An action commenced in state court may be removed to a federal court pursuant to 28 U.S.C.A. § 1446(b), which states in pertinent part:

> "The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..."

In 1949 the statute was amended to cover situations in which an action not initially removable, later became removable:

> "If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Many courts adhere to the proposition that in order to properly remove an action which initially was nonremovable, the action which now renders the case removable must have been a voluntary action by the plaintiff.[3] The statute on its face indicates that it covers virtually any situation in which an action not initially removable later becomes removable. This Court adopts the position of the North Carolina District Court, where, in *Warren Bros. Co. v. Community Bldg.*,[4] the Court held that 28 U.S.C.A. § 1446(b) applies to any action not originally removable.

Finding that the Defendant, within 30 days from the April 6, 1987, Supreme Court decision rendering this claim removable filed a petition to remove, Defendant's petition is deemed timely. Accordingly, Plaintiff's Motion to Remand is DENIED.

---

**1.** The Sixth Circuit Court of Appeals in *Taylor v. General Motors Corp.*, 763 F.2d 216, decided June 7, 1985, held that an assertion of a common law cause of action against an employer—even where the common law cause of action impacted ERISA, was not removable to federal court under federal question jurisdiction.

**2.** The United States Supreme Court on April 6, 1987, reversing the Court of Appeals, held that an employer's common-law contract and tort claims arising from employer's insurer's termination of his disability benefits under an ERISA-covered plan were preempted by ERISA. *Metropolitan Life Insurance Company v. Taylor*, —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

**3.** See *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967); *Ennis v. Queen Insurance Co. of America*, 364 F.Supp. 964 (W.D.Tenn. 1973).

**4.** 386 F.Supp. 656 (1974).