Philip R. JOHANSEN, Cynthia M. Johansen, as guardian ad litem for Chad P. Johansen, Plaintiffs,

v.

EMPLOYEE BENEFIT CLAIMS, INC., Minnesota Bearing Company, Defendants.

No. Civ. 4–87–345.

United States District Court, D. Minnesota, Fourth Division.

Aug. 27, 1987.

David C. Olson, Brooklyn Center, Minn., for plaintiffs.

Scott A. Smith, Popham, Haik, Schnobrich & Kaufman, Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plaintiffs' motion to remand and for costs. Plaintiffs' motion to remand will be granted but the motion for costs will be denied.

## FACTS

This is an action brought to recover benefits under the terms of an employee benefit plan. Plaintiffs are three Minnesota residents. Plaintiff Philip Johansen is employed with defendant Minnesota Bearing Company and received coverage under a plan administered by defendant Employee Benefit Claims. He is the husband of plaintiff Cynthia Johansen and father of plaintiff Chad Johansen. Defendant Minnesota Bearing Company is a corporation doing business in Minneapolis and a self-insurer providing health and medical insurance to its employees under a plan administered by defendant Employee Benefits Claims. Complaint par. 2. Defendant Employee Benefits Claims is a corporation organized to do business in Minnesota and

an administrator of insurance plans for self-insured employers. Complaint par. 3. Plaintiff Chad Johansen, the minor son of Philip Johansen received medical in-patient treatment at Abbott Northwestern Hospital. The total billing for the treatment amounted to $29,821.80. Plaintiffs timely filed a claim in this amount with defendant Employee Benefit Claims who denied coverage under the terms of Philip Johansen's plan. This litigation ensued.

Plaintiffs filed their complaint in state court in August 1986. The parties conducted initial discovery and filed summary judgment motions in state court on April 1, 1987. Post-motion briefs were submitted to the state court approximately ten days later. Prior to the decision of the state court defendants filed a petition for removal. The grounds for removal were based on the United States Supreme Court's decisions in *Pilot Life Insurance Co. v. Dedeaux*, —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) and *Metropolitan Life Insurance Co. v. Taylor*, —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).[1] Plaintiffs now move the Court for a motion to remand on the grounds that defendants did not timely seek removal as required by 28 U.S.C. § 1446(b).

## DISCUSSION

The removal provisions of 28 U.S.C. § 1446(b) provide in relevant part that a defendant must remove a complaint within thirty days of defendant's receipt of an initial pleading setting forth a removable claim or within thirty days after receiving a summons in states where the pleading must be filed with the Court but not with the defendant. The section provides an exception to this thirty day limit for cases not initially removable:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days *after receipt by the defendant, through*

*service or otherwise, of a copy of an amended pleading, motion, order or other paper* from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b) (emphasis added). It is undisputed that plaintiffs' initial pleading was not removable since it was based only on state law claims. It is also undisputed that defendants did not remove within the thirty-day limit of section 1446(b), thus creating the issue whether the exception to the thirty-day removal limit of section 1446(b) applies. The issue before the Court is whether the two Supreme Court opinions decided on April 6, 1987 constitute "other paper" within the meaning of section 1446(b). Plaintiffs contend the term "other paper" refers only to documents relating to the state proceeding. Defendants urge the Court to interpret the term so as to include events external to the state proceedings such as the *Dedeaux* and *Taylor* cases.

When plaintiff brings a timely motion to remand defendant bears the burden of proof of showing the action was properly removed. *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R. I.1986). All doubts as to the propriety of removal are to be resolved in favor of the plaintiff. *Abbott*, 629 F.Supp. at 1203. In determining whether to remand the Court must construe the removal statute against removal and in favor of remand as well as give due consideration to the stage of the litigation in the state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 874, 85 L.Ed. 1214 (1941); *Boland v. Bank Sepah-Iran*, 614 F.Supp. 1166, 1169 (S.D.N.Y.1985). This stringent approach rests on "principles of federalism, comity, and the sovereignty of the several states." *Abbott*, 629 F.Supp. at 1203. In addition it stems from a concern for avoidance of wasting judicial resources, particularly since a defendant who moves for re-

---

1. *Dedeaux* held that the ERISA preemption clause section 514(a), 29 U.S.C. section 1144(a) preempted all state claims based on employee benefit plans and that the sole remedies for unpaid employee benefits were those available under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). 107 S.Ct. at 1557–58. *Taylor*

held that because claims to recover under employee benefit plans were governed exclusively by federal law these cases could be removed to federal court, even though federal pre-emption defenses normally do not provide a basis for removal under the "well-pleaded complaint" doctrine. 107 S.Ct. at 1547–48.

moval may later challenge the existence of federal jurisdiction if unhappy with the results obtained. *Harrell v. Reynolds Metals Co.,* 599 F.Supp. 966 (N.D.Ala.1985); *Belle View Apts v. Realty Refund Trust,* 602 F.Supp. 668 (4th Cir.1979); *see also Boland,* 614 F.Supp. at 1169–70 (permitting removal after extensive motion practice would be waste of judicial resources).

█ Section 1446 was originally enacted in 1948 as part of the revision to the Judicial Code. Act of June 25, 1948, Chapter 646, 62 Stat. 939. In 1949 Congress amended the section by adding the provision permitting removal of cases which were initially not removable. Act of May 24, 1949, Chapter 139, 63 Stat. 101. The explanation in the House Report on this change states:

> The second paragraph of the amendment to subsection (b) is intended to make clear that the right of removal may be exercised at a later stage of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed. This is declaratory of the existing rule laid down by the decisions. (See for example, *Powers v. Chesapeake etc., Ry. Co.,* 169 U.S. 92, [18 S.Ct. 264, 42 L.Ed. 673] [1898])

H.Rep. No. 352, 81 Cong. 1st Sess. (1949) *reprinted* in 1949 U.S. Code & Cong. Serv. at 1248, 1254, 1268. The *Chesapeake* case cited by the House involved the interpretation of a contemporaneous removal statute. In interpreting that statute the Court noted the problem of removability not apparent from the record and stated:

> To construe that provision as restricting, to the time prescribed for answering the declaration, the removal of a case which is not a removable one at that time, would not only be inconsistent with the words of the statute; but it would utterly defeat all right of removal in many cases; [giving examples of erroneous joinder of non-diverse defendant and of

incorrect estimate of damages as below jurisdictional amount].

> The reasonable construction of the act of Congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, *from being defeated by circumstances wholly beyond his control,* is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right; and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought.

*Powers v. Chesapeake & Ohio Railway Co.,* 169 U.S. 92, 100–101, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1898) (Sandborn) (emphasis added). Accordingly, the House Report's citation to this decision supports defendants' argument that a defendant should be entitled to remove an initially nonremovable case whenever the changed status is the result of circumstances beyond the defendant's control. Such an interpretation avoids the Catch–22 nature of plaintiffs' construction.[2] Dicta in some opinions supports this position. *See, e.g., Potter v. Carvel Stores, Inc.,* 203 F.Supp. 462 (D.Md. 1962) *aff'd.* 314 F.2d 45 (4th Cir.1963) ("other paper" had to emanate either from voluntary acts of plaintiff or events not the products of defendant's activity.)

Despite the plausibility of this interpretation every court which has faced the issue present in this case has construed the phrase "or other paper" as referring solely to documents generated within the state court litigation itself. The earliest decision on this point was *Putterman v. Daveler,* 169 F.Supp. 125, 129 (D.Del.1958) in which the court stated:

> Surely the language of the Statute "copy of an amended pleading, motion [or] order" must refer to a pleading, motion or

---

**2.** Under plaintiffs' view defendant could not remove under the thirty day limit contained in the first paragraph of section 1446(b) because no federal predicate was available; in addition defendant could not remove once the federal pred-

icate to removal became available because the thirty day limit in the first paragraph of section 1446 had expired and the case did not fit within the "other paper" exception to the second paragraph.

order in the case then pending and which would appear in the record. I cannot think that the phrase "or other paper" is intended to override the expressed sources and refer to any extraneous paper but means some other paper appearing in the record of the Court which might not fall within the express language used.

This construction has been universally followed by every other court which has addressed the precise issue in the case at bar.[3] *See Avco Corp. v. Intern. Union,* 287 F.Supp. 132, 133 (D.Conn.1968) (subsequent United States Supreme Court opinion did not constitute "other paper"); *O'Bryan v. Chandler,* 496 F.2d 403, 412 (10th Cir.), *cert. denied,* 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974) (noting *Avco* was rightly decided); *Martropico Comapnia Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 428 F.Supp. 1035 (S.D.N.Y.1977) (subsequent change in Foreign Sovereign Immunities Act did not constitute "other paper"); *Growth Realty Companies. v. Burnac Mortg. Investors, Ltd.,* 474 F.Supp. 991, 996 (D.Puerto Rico 1979) ("other paper" cannot refer to pleadings filed in separate case between different parties); *Gruner v. Blakeman,* 517 F.Supp. 357, 360–61 (D.Conn.1981) (subsequent decision in related case did not constitute "other paper"); *see also, Mielke v. Allstate Insur. Co.,* 472 F.Supp. 851, 853 (E.D.Mich.1979) (only time extension permissible under section 1446(b) is when defendant receives subsequent information *from plaintiff*). These decisions stem from the recognition that permitting later court decisions to be a basis for removal would subject all state court litigation to the specter of impending interruption and a concomitant waste of judicial resources. *O'Bryan,* 496 F.2d at 412. None of the decisions cited by defendants are authority for the proposition that "other paper" includes a subsequently decided case or a document produced from a completely separate litigation.

Defendants argue that if the Court remands the case to state court they will be subject to entirely different rules of state law. If defendants are correct that the *Dedeaux* and *Taylor* cases provide a federal pre-emption defense and that ERISA and not state law controls[4], the state court will be bound to apply federal law. The ERISA statute explicitly provides that claims brought to recover benefits under the terms of an employee benefit claim can be brought in either federal or state court. *See* 29 U.S.C. §§ 1132(a)(1)(B), (e)(1). Accordingly, the defendants will not suffer any prejudice by being forced to continue the litigation in the state forum.

Based upon the foregoing the Court has concluded that plaintiff's motion for remand shall be granted.

■ Plaintiffs also move the Court for an order of payment of costs under 28 U.S.C. § 1447 which authorizes the Court to grant "just costs" for improvident removal. The Court has full discretion on whether or not to grant costs. *Olsen v. Olsen,* 580 F.Supp. 1569, 1572 (N.D.Ind. 1984). Normally costs are not assessed where the issue of removability was not obvious or where the defendants acted in good faith. *Abbott,* 629 F.Supp. at 1204; *Zimmerman v. Conrail,* 550 F.Supp. 84, 87 (S.D.N.Y.1982). The Court finds defendants have acted in good faith and that the issue is not obvious. Accordingly, plaintiffs' motion for costs is denied.

Based upon review of all files, records, proceedings and arguments of counsel,

IT IS ORDERED that

1. plaintiffs' motion to remand is granted; and

2. plaintiffs' motion for costs is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

**3.** Subsequent cases have, however, relaxed the requirement that the "other paper" must be part of the record.

**4.** The Court expresses no view on whether defendants are correct in their argument or whether the *Dedeaux* case applies retroactively.