**Yuan CHEN, Plaintiff,**

v.

**CHINA AIRLINES LTD., a corporation, Michael Wong and Does 1–50, inclusive, Defendants.**

**No. C–88–4997–WWS.**

United States District Court, N.D. California.

Jan. 26, 1989.

---

---

1. Having held *Leon* inapplicable, the Court need not entertain the government's request for a

hearing regarding the police officer's good faith.

Barbara A. Lawless, Therese M. Lawless, Lawless & Harvey, San Francisco, Cal., for plaintiff.

James E. Boddy, Jr., Morrison & Foerster, San Francisco, Cal., for defendants.

## ORDER

SCHWARZER, District Judge.

This action was filed on December 16, 1987. Because the complaint named fictitious defendants, it was not removable under *Bryant v. Ford Motor Co.*, 844 F.2d 602 (en banc) (9th Cir.1987). On November 19, 1988, the Judicial Improvements and Access to Justice Act, P.L. 100–702, 102 Stat. 4642 (Nov. 19, 1988) ("The Act"), became effective. Within thirty days of that date, defendant filed its notice of removal pursuant to 28 U.S.C. § 1446(b). The question presented is whether enactment of the Act triggered the thirty-day period in an action that became removable only by reason of the Act's amendment of section 1441(a) providing that "[f]or purposes of removal ... the citizenship of defendants sued under fictitious names shall be disregarded." § 1016(a).

This Court has heretofore rejected the argument that the thirty-day period was triggered by the Act. *Ehrlich v. The Oxford Insurance Co.*, 700 F.Supp. 495 (N.D. Cal.1988). Judge Hupp reached the same conclusion in *Phillips v. Allstate Insurance Co.*, 702 F.Supp. 1466 (C.D.Cal.1989). Other judges have ruled the same way in unreported decisions. The Court is aware of none that has reached a different conclusion.

Nevertheless, defendant has now submitted an elaborate memorandum to persuade the Court that the action should not be remanded. The principal argument is that the interpretation of section 1446(b) which limits the papers that trigger the thirty-day period to papers in the case should not be applied because there is no need for such a limitation here and to apply it would deprive defendant of its congressionally granted right to remove to the federal court.

The paper-in-the-case rule appears to have been applied almost without exception to section 1446(b). *See Johansen v. Employee Benefit Claims, Inc.*, 668 F.Supp. 1294 (D.Minn.1987), and cases cited. An exception was *Smith v. Burroughs Corp.*, 670 F.Supp. 740 (E.D.Mich.1987), an action removed under the Employee Retirement Income Security Act following the decision in *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), which held all state law claims to be preempted. The powerfully preclusive effect of ERISA might be a basis for distinguishing the case from one based on diversity jurisdiction. In any event, since removal statutes are construed strictly against removal, *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979), the Court is not disposed to depart from the papers-in-the-case rule in the present case.

Strict construction against removal is warranted here for the further reason that Congress did not, as defendant argues, intend to "restore[ ] to diverse defendants their right to be in federal court" (Memo. p.

4). The House Report states clearly that the purpose was to eliminate "difficulties in defining the time for removal" and "disruptive removal after the case has progressed through several stages in the State court." H.Rep. No. 100–889 Part 1, 100th Cong. 2nd Sess. at 71 (1988), U.S.Code Cong. & Admin.News 1988, pp. 5982, 6032. When viewed in conjunction with the newly created one-year limitation for removal, section 1016(b)(2), and the discretionary power to remand on joinder of a non-diverse defendant, section 1016(c), it is clear that Congress was not concerned with enlarging or protecting any defendant's "right to be in federal court." In fact to construe section 1446(b) to permit removal here nearly one year after filing would run against the express intent of Congress.

For the reasons stated, the action is remanded to the Superior Court of the State of California in and for the City and County of San Francisco.

IT IS SO ORDERED.