Karen COMAN, et al., Plaintiffs,

v.

INTERNATIONAL PLAYTEX, INC., et al., Defendants.

No. C–88–5046 MHP.

United States District Court, N.D. of California.

May 17, 1989.

Terry O'Reilly, Menlo Park, Cal., for plaintiffs.

Peter B. Logan and R. Jerome Twitty, Jr., Wright, Robinson, McCammon Osthimer & Tatum, San Francisco, Cal., for Playtex Family Products, Inc. and Intern. Playtex, Inc.

## AMENDED MEMORANDUM AND ORDER

PATEL, District Judge.

Plaintiffs brought this personal injury action in the Superior Court of San Francisco County. Defendant Playtex removed the case under 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1447(c), plaintiffs now seek to remand the action to state court and request attorneys' fees. Having considered the arguments and the memoranda of the parties, the court grants plaintiffs' motion and remands the case to state court. The court denies the motion for attorneys' fees.

## BACKGROUND

Karen Coman developed Toxic Shock Syndrome in May 1987, after using a tampon produced by International Playtex, Inc. Shortly after hospitalization, Ms. Coman went into cardiac arrest and became hypoxic.[1] She is currently in a persistent vegetative state.[2]

Ms. Coman's husband, John M. Coman, filed an action on behalf of himself, Ms. Coman and their two sons in the Superior Court of San Francisco on October 6, 1987, against International Playtex, Inc. and Does 1–100. The action seeks damages for Ms. Coman's injuries under the theories of strict liability, negligence and breach of warranty and requests exemplary and punitive damages. Plaintiffs served International Playtex's agent on December 9, 1987; International Playtex returned proof of service on December 17, 1987. On September 16, 1988, plaintiffs filed an At–Issue Memorandum in preparation for trial.[3]

On November 19, 1988, the Judicial Improvement and Access to Justice Act ("Act") became law. Pub.L. No. 100–702, 102 Stat. 4642 (1988) (to be codified at scattered sections of 28 U.S.C.). The Act changed the requirements for bringing diversity cases in federal court. Section 1016 of the Act (to be codified as amended at 28 U.S.C. § 1441(a)) specifies that for removal purposes "the citizenship of the defendants sued under fictitious names shall be disregarded." The Act thus overruled *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir.1987) (en banc), *cert. vacated*, ⸺ U.S. ⸺, 109 S.Ct. 542, 102 L.Ed.2d 572 (1988), in which the Ninth Circuit held that the presence of Doe defendants destroyed diversity jurisdiction.

On December 19, 1988, defendant Playtex Family Products, Inc. ("Playtex"), successor in interest to the original named defendant, removed the action to federal court. Playtex contends that the Act, by eliminating consideration of the Doe defen-

---

**1.** Hypoxia refers to an inadequate supply of oxygen to the brain.

**2.** A persistent vegetative state is a higher level of consciousness that a coma, but individuals in this condition do not appear to interact with their environment and are totally dependent for their care; the prognosis for people in this condition to regain normal functioning is considered very poor.

**3.** *See* Cal. Rule of Court 209. The At–Issue Memorandum must be filed before a case can secure a place on a civil active list or be set for trial. Many counties use boilerplate language on the form, representing that "all essential parties have been served with process" and that "to my knowledge, no other parties will be served with a summons prior to the time of trial." This language was on the form for the Superior Court of San Francisco that plaintiffs filed.

dants' citizenship, allowed removal of the action. On January 18, 1989, plaintiffs moved to remand, asserting that Playtex had waived its right to remove by not doing so within thirty days of the filing of the At–Issue Memorandum as required by *Bryant*, 844 F.2d 602. Additionally, plaintiffs claim that removal was untimely as having failed to meet the thirty-day removal requirement of section 1446(b), as well as time-barred under the new one-year limit added to section 1446(b) by the Act. Plaintiffs contend that the improper removal justifies an award of costs and attorneys' fees under the Act or Federal Rule of Civil Procedure 11.

DISCUSSION

■ Removal statutes are to be strictly construed against removal and in favor of remand. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). This policy promotes comity and the "rightful independence of state governments." *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934). Thus, unless defendant demonstrates compelling reasons for retaining diversity jurisdiction, this court should remand the case to state court.

*I. Waiver of Removal by Failure to File Within Thirty Days of the At–Issue Memorandum*

■ Plaintiffs assert that under *Bryant*, 844 F.2d 602, the case that controlled removal jurisdiction in this circuit until November 19, 1988,[4] defendant waived its right to remove by failing to remove within thirty days after plaintiffs filed their At–Issue Memorandum the case. Failure to remove within thirty days of the date an action becomes removable constitutes a waiver of the right to remove. *Goldberg v.*

*CPC Int'l, Inc.*, 495 F.Supp. 233, 236–37 (N.D.Cal.1980). Under *Bryant*, if a complaint named Doe defendants, removal was barred until all the Doe defendants were either named, unequivocally abandoned by plaintiff, or dismissed by the state court. 844 F.2d at 605–06. The Ninth Circuit enumerated the only two ways in which the requirement of "unequivocal abandonment" could be met: (1) dismissal of all the Does by the plaintiff; (2) commencement of the trial without service on the Doe defendants. *Id.* at 606 n. 5.

In *Casparian v. Allstate Insurance Co.*, then–Chief Judge Peckham of this district considered whether filing an At–Issue Memorandum constituted abandonment of Doe defendants for purposes of removal. 689 F.Supp. 1009, 1013 (N.D.Cal.1988). He concluded that under the clear language of *Bryant*, it did not.[5] *Id.* This court agrees that after *Bryant*, the At–Issue Memorandum does not constitute unequivocal abandonment and does not trigger the removal date. The court therefore finds that defendant did not waive its right to remove this action to federal court by failing to do so within thirty days of the filing of the At–Issue Memorandum.

*II. Removal as Untimely within the Meaning of 28 U.S.C. § 1446(b)*

■ The terms of 28 U.S.C. § 1446(b) provide that a defendant may seek removal within thirty days of initial service if diversity jurisdiction exists on the face of the complaint. If diversity is not initially present, but develops during the course of litigation, then defendants may remove within thirty days of the receipt of "a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is ... removable." 28 U.S.C. § 1446(b) (emphasis added). Defendant argues that because there

---

**4.** November 19, 1988 was the effective date of the Act.

**5.** Then–Chief Judge Peckham distinguished the facts in *Casparian* from those of two earlier cases in which filing an At–Issue Memorandum triggered removal. *Casparian*, 689 F.Supp. at 1011–12. In *Bertha v. Beech Aircraft Corp.*, 674 F.Supp. 24, 26–27 (C.D.Cal.1987), filing an At–Is-

sue Memorandum *after* the three-year statute for serving Does had run triggered removal. In *Blankenberg v. Commercial Insurance Co.*, 655 F.Supp. 223, 227 (N.D.Cal.1987) (Patel, J.), the court held that filing an At–Issue Memorandum triggered removal, but that decision was rendered prior to the clear mandate in *Bryant.*

was no removal jurisdiction until the Act provided that Doe defendants would no longer bar diversity jurisdiction, the Act may be considered "other paper" for purposes of triggering the thirty-day removal period.

Defendant's suggested reading of "other paper" runs contrary to the weight of authority, including district court cases in the Ninth Circuit addressing the issue since the enactment of the statute.[6] In the first district court decision in this Circuit to apply the Act, Judge Schwarzer noted that it was unlikely that Congress intended to "restart the statutory 30–day period for removal under section 1446(b) in every pending case." *Ehrlich v. Oxford Insurance Co.,* 700 F.Supp. 495, 498 (N.D.Cal.1988); *see also Chen v. China Airlines,* 713 F.Supp. 1322 (N.D.Cal.1989) (Schwarzer, J.) ("the paper-in-the-case rule appears to have been applied almost without exception to section 1446(b)"); *Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466, 1469 (C.D.Cal.1989) (numerous cases cited in support of the holding that the Act was not "other paper" for removal purposes).

Defendant argues that these cases were wrongly decided, and that there is "no indication ... that Congress intended to deny such defendants the right of removal when it adopted the Act." Def.Opp. at 11. The "right," however, is purely statutory. It has long been recognized that

[C]ongress is not limited by the constitution to any particular mode, or time, of exercising it, it may authorize a removal, either before or after judgment. The time, the process and the manner must

be subject to its absolute legislative control.

*Martin v. Hunter's Lessee,* 14 U.S. (1 Wheat) 304, 348, 4 L.Ed. 97 (1816); *see also Great N. Ry. Co. v. Alexander,* 246 U.S. 276, 280, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918) (no removal except pursuant to act of Congress); *Self v. General Motors Corp.,* 588 F.2d 655, 657 (9th Cir.1978) (suit commenced in state court remains there until act of Congress permits removal); Wright, Miller and Cooper, 14A *Federal Practice and Procedure: Jurisdiction 2d,* § 3721 at 185–93 (1985).

Since removal statutes must be strictly construed against removal, *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979), the court interprets Congressional silence to mean that the Act does not trigger a right of removal. Had Congress intended the Act to create such a right of removal, it could have specified that intent in the statute. *Cf. Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina)* 428 F.Supp. 1035, 1038 (S.D.N.Y. 1977) (Congress amended 28 U.S.C. § 1441(d) to allow removal jurisdiction for foreign states and included language that allowed "time limitations of section 1446(b) [to be] enlarged at any time for cause shown.")

The court therefore finds that the Act is not "other paper" for purposes of removal jurisdiction; defendant's motion to remove was therefore not timely.

▪ Removal is not only barred by the 30–day limitation, but also by the newly enacted one-year rule. Section 1446(b) was amended to provide that no action may be

---

[6] In earlier cases considering what constitutes a "paper" for purposes of triggering removal jurisdiction, nearly all courts have required that the "other paper" be generated within the case. *See, e.g., Johansen v. Employee Benefit Claims, Inc.,* 668 F.Supp. 1294 (D.Minn.1987) (Supreme Court decision allowing removal for ERISA case was not "other paper"); *Holiday v. Travelers Ins. Co.,* 666 F.Supp. 1286 (W.D.Ark.1987) (Supreme Court decision allowing removal for cases preempted by ERISA was not "other paper"); *Avco Corp. v. Local 1010,* 287 F.Supp. 132 (D.Conn.1968) (Supreme Court decision allowing removal for cases preempted by Labor Management and Relations Act was not "other paper").

Defendant cites *Smith v. Burroughs Corp.,* 670 F.Supp. 740 (E.D.Mich.1987), in support of its assertion that a paper external to the case may trigger removal. In *Smith,* the court held that a Supreme Court decision allowing removal for ERISA action was "other paper." *Id.* at 741. However, as Judge Hupp pointed out in *Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466, 1468 n. 2. (C.D.Cal.1989), the *Smith* decision "seems to stand alone" in its holding that a decision external to the case may trigger removal.

removed "more than one year after the commencement of the action." Judicial Improvement and Access to Justice Act, Pub. Law 100–702, § 1016(b)(2)(B), 102 Stat. 4642, 4669 (1988). Defendant does not dispute the fact that it removed this action more than a year after plaintiffs filed the action. Defendant argues, however, that the court should interpret "commencement" as meaning when a defendant is served rather than when an action is filed.

In removal cases, "commencement" is governed by the law of the state in which the action originated. *Greer v. Skilcraft,* 704 F.Supp. 1570, 1582–83 (N.D.Ala.1989) (1989 U.S. Dist. LEXIS 896, 38–39); *Dravo Corp. v. White Consol. Indus. Inc.,* 602 F.Supp. 1136, 1139 (W.D.Pa.1985). California law clearly defines the time an action is commenced as the time when it is filed. Cal.Civ.Proc.Code § 350 (West 1973); *see Davalos v. County of Los Angeles,* 142 Cal.App.3d 57, 63, 190 Cal.Rptr. 711 (1983) (for purposes of determining dismissal of action under Cal.Civ.Proc.Code § 583, action commenced when filed). This definition is consistent with federal practice which defines the commencement of an action as the filing of the complaint. *See* Fed.R.Civ. P. 3.

Defendant speculates that finding an action is "commenced" at the time of filing will encourage plaintiffs to delay serving defendants until a year after an action is filed, thereby frustrating removal jurisdiction and subjecting defendants to "severe and irremedial (sic) prejudice as evidence is lost and the memories of critical witnesses fade." Def.Opp. at 8. However, even if the court were to adopt the well-reasoned analysis of *Greer v. Skilcraft,* 704 F.Supp. 1570, the instant action would be barred. In *Greer,* the Northern District of Alabama, sitting en banc, held that for removal cases in that district commencement would be defined as the date of the filing of the complaint in state court accompanied by a bona fide effort of service. *Id.* at 1582–83. In the instant case, plaintiff effected service less than three months after the action was filed. Accordingly, the court finds that defendant's removal is barred by the one-year limitation in 28 U.S. C. § 1446(b) as amended.

### III. Retroactivity of the Act

■■■ Defendant argues alternatively that the Act should not be given retroactive application. Under ordinary rules of statutory construction, procedural changes are retroactive in application unless Congress specifies to the contrary. *Friel v. Cessna Aircraft Co.,* 751 F.2d 1037, 1039 (9th Cir. 1985). This presumption may be overcome to prevent "manifest injustice." *California Cartage Co. v. United States,* 802 F.2d 353, 357 (9th Cir.1986). Defendant has not asserted that retroactive application of the Act will alter the effects of prior action, expand defendant's liability, eliminate a defense or vested right, or otherwise impair a substantive right. *Cf. Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466, 1469 (C.D.Cal. 1989) (court considered these factors in deciding Act should be applied retroactively). Instead, defendant argues that the mere operation of procedural changes which prevent it from exercising its removal right would be a "manifest injustice." However, the right to remove "is only what Congress provides," *Phillips,* 702 F.Supp. at 1471 n. 5, and as such its modification by Congress does not constitute a "manifest injustice." The court therefore concludes that the Act should be applied retroactively in this case. *Compare Kruso v. ITT Corp.,* 872 F.2d 1416 (9th Cir. April 19, 1989) (court retroactively applied section 1016(a) of the Act, providing that Doe defendants should be disregarded for purposes of determining diversity).

The court recognizes that as a result of the above holdings there is a category of cases made nonremovable in this circuit. Cases not yet removable under *Bryant* and on file more than one year as of the effective date of the Act or thereafter will generally not be removable. However, as stated above, removal is subject to the absolute control of Congress. Under the Act the statutory right of removal has been curtailed. The consequences did not go unnoticed by Congress which placed a one-year limit on removal "as a means of reducing the opportunity for removal after substan-

tial progress has been made in state court." H.R.Rep. No. 889, 100th Cong. 73, *reprinted in* 1988 U.S.Code Cong. & Admin.News 5982, 6032. Any defects in the statute must be addressed by Congress; they cannot be cured by this court. For the forgoing reasons, the court concludes the Act should be applied retroactively.

*IV. Attorneys' Fees*

■ Under 28 U.S.C. § 1447(c), a court may award attorneys' fees and costs against the party who sought improper removal. The decision to award costs is within the discretion of the trial court. *See Schmitt v. Ins. Co. of N. America,* 845 F.2d 1546, 1552 (9th Cir.1988); *Johansen v. Employee Benefit Claims,* 668 F.Supp. 1294, 1297 (D.Minn.1987). However, costs are not assessed where a defendant acted in good faith. *Schmitt,* 845 F.2d at 1552. Because the law regarding the application of the Act is still developing and defendant's basis for removing the action was colorable, the court does not find attorneys' fees appropriate under either 28 U.S.C. § 1447(c), or Federal Rule of Civil Procedure 11. Plaintiffs motion for attorneys' fees is therefore denied.

CONCLUSION

Because defendant's motion was not timely under 28 U.S.C. § 1446(b), plaintiffs' motion to remand is GRANTED. Plaintiffs' motion for attorneys' fees is DENIED.

IT IS SO ORDERED.