**William KOCAJ, Plaintiff,**

v.

**CHRYSLER CORPORATION, Defendant.**

No. 92–CV–72944–DT.

United States District Court, E.D. Michigan, S.D.

July 13, 1992.

Joseph A. Golden, Lionel J. Postic, Southfield, Mich., for plaintiff.

Gregory S. Muzingo, Highland Park, Mich., for defendant.

## OPINION

DUGGAN, District Judge.

Presently before the Court is plaintiff's motion to remand this action to the Wayne County Circuit Court. Defendant has filed a response to this motion. For the reasons which follow, this Court shall grant plaintiff's motion.[1]

## I. BACKGROUND

Plaintiff filed suit against defendant in Wayne County Circuit Court on November 15, 1991. Defendant was served with a summons and a copy of the complaint on November 21, 1991.

In his complaint, plaintiff alleges that defendant improperly terminated him from employment by forcing him to retire. Plaintiff alleges two state law claims against defendant: breach of contract and age discrimination under Michigan's Elliott–Larsen Civil Rights Act, M.C.L. § 37.-2101 *et seq.*

On May 28, 1992, defendant removed this action to this Court asserting as its basis for removal that plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and thus fall within this Court's "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. In its removal petition, defendant asserted that it timely removed this action under 28 U.S.C. § 1446(b) in that the Sixth Circuit, in *Van Camp v. AT & T Info. Sys.*, 963 F.2d 119 (6th Cir.1992), had issued a decision within the previous thirty days allegedly holding that claims such as plaintiff's are preempted by ERISA.

Plaintiff now moves to remand this action, contending that it was not timely removed under 28 U.S.C. § 1446(b).

## II. DISCUSSION

28 U.S.C. § 1446(b) sets forth time requirements for removal of an action from state court to federal court as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> *If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,* except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action. (emphasis added)

It is the emphasized portion of § 1446(b) on which the parties base their argument against and in support of the timeliness of defendant's removal. Plaintiff contends that the *Van Camp* decision, assuming that it applies to his action and renders his claims preempted by ERISA, does not constitute "other paper" within the meaning of § 1446(b). Defendant contends that the decision does constitute "other paper." This Court finds plaintiff's contention persuasive.

Several district courts, when confronted with the situation presented in the case at bar, namely whether a court decision in a separate case qualifies as "other paper" for purposes of § 1446(b), have concluded

---

**1.** Pursuant to E.D.Mich. LR 7.1(e)(2), this Court shall decide the instant matter without oral argument.

that such decision does not constitute "other paper."

For example, in *Hollenbeck v. Burroughs Corp.*, 664 F.Supp. 280 (E.D.Mich. 1987), the plaintiff filed an action setting forth a state law claim of age discrimination against the defendant, his former employer in state court. The defendant removed the action approximately nine months later claiming that the age discrimination claim was preempted by ERISA. *Id.* at 281. The defendant argued that it had timely removed the action because its claim of ERISA preemption had only been recently developed by the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), and that such decision constituted an "other paper" under § 1446(b). *Id.* The district court rejected the defendant's argument, reasoning that § 1446(b)'s "other paper" clause "conditions removability on voluntary actions of a plaintiff, rather than factors beyond a plaintiff's control." *Id.* The court then concluded that since the right to removal is defined by statute, the instant case could not be removed on the basis of a separate court decision. *Id.*

In *Johansen v. Employee Benefit Claims, Inc.*, 668 F.Supp. 1294 (D.Minn. 1987), the plaintiffs brought an action against the defendants for recovery of employee benefits in state court, alleging state law claims. The defendants removed the action several months later and asserted that they had timely removed such action under § 1446(b) in that they had filed their petition for removal within thirty days of two Supreme Court decisions in separate cases which allegedly made the plaintiffs' claims preempted by ERISA. *Id.* at 1295. The district court, in finding that the defendants had not timely removed the action, expressly rejected their claim that the Supreme Court decisions constituted "other paper" within the meaning of § 1446(b). *Id.* at 1296–97. The court reasoned that the clause in § 1446(b) containing the phrase "or other paper" should be interpreted as referring to documents generated within the state court litigation itself. *Id.* at 1296. The court stated:

> Surely the language of the Statute "copy of an amended pleading, motion [or] order" must refer to a pleading, motion or order in the case then pending and which would appear in the record. I cannot think that the phrase "or other paper" is intended to override the expressed sources and refer to any extraneous paper but means some other paper appearing in the record of the Court which might not fall within the express language used.

*Id.* at 1296–97 (quoting *Putterman v. Daveler*, 169 F.Supp. 125, 129 (D.Del.1958)).

In *Holiday v. Travelers Ins. Co.*, 666 F.Supp. 1286 (W.D.Ark.1987), the plaintiffs brought actions against the defendant in state court. As in *Hollenbeck* and *Johansen*, the defendant removed the actions past the initial thirty day time period, claiming that the "other paper" provision of § 1446(b) made the cases removable because two Supreme Court decisions in other cases allegedly made the state claims preempted by ERISA. *Id.* at 1287. The court rejected the defendant's argument, in part, because it did not agree that the two Supreme Court decisions constituted "other paper" within the meaning of § 1446(b). The court reasoned:

> The second paragraph of section 1446(b) provides a supplemental thirty-day time period within which to file a removal petition "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper...." The statute contemplates the existence of "both an amended pleading or paper and a ground for ascertaining removability exists for the first time." (citation omitted) Clearly, the language of the section suggests that "other papers" is limited to some action taken by one of the parties to the lawsuit which affects the posture or procedure of the case.
>
> Indeed, common rules of statutory construction would suggest that this statutory language be construed in such a manner. The most logical interpretation would suggest the phrase "other papers"

was meant to cover papers or actions of the party that appear in or are part of the proceedings in the case in which removal is sought but would not have been considered an amended pleading, order or motion.

*Id.* at 1289–90. The court also noted, consistent with the district court in *Hollenbeck*, that "the change of circumstances rendering the case removable must be something that was voluntarily done by the plaintiff." *Id.* at 1290.

This Court finds the above-detailed cases persuasive. Simply put, a plain reading of the second paragraph of § 1446(b) elicits the conclusion that the term "other paper" means a paper in the state court action that does not constitute "an amended pleading, motion, [or] order." As the court in *Holiday* aptly observed, such "other paper" could, for example, be a plaintiff's response to a summary judgment motion, answers to interrogatories, or statements of a plaintiff. *Holiday* at 1290 (citing cases). Defendant's interpretation of "other paper," broadly construing such term to include even a decision in an unrelated action, ignores the preceeding language in § 1446(b)—"within thirty days after *receipt* by the defendant, through service or otherwise" (emphasis added)—which language plainly refers to items served or otherwise given to a defendant in a state court case.

In opposition to plaintiff's position, defendant cites to the district court decision in *Smith v. Burroughs Corp.*, 670 F.Supp. 740 (E.D.Mich.1987). There, the plaintiff filed a wrongful discharge action against the defendant in state court, alleging a state cause of action. The defendant removed the action several months later. The plaintiff then filed a motion to remand. The defendant opposed the remand, contending that it had timely removed the action under § 1446(b) due to an intervening change in the law via a Supreme Court decision in another case. *Id.* at 741. The district court found in favor of the defendant and denied the motion to remand. *Id.* The court reasoned that § 1446(b) applies to any action not originally removable and since the defendant had removed within

thirty days of the Supreme Court decision making claims such as the plaintiff's preempted by ERISA, the section's time requirement had been complied with. *Id.*

*Smith* is unpersuasive. This Court has found no other case that follows the *Smith* decision. As aptly noted by the court in *Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466, 1468 n. 2 (C.D.Cal.1989)

The decision by the court for the Eastern District of Michigan in *Smith v. Burroughs Corp.*, 670 F.Supp. 740 (E.D.Mich.1987) seems to stand alone in its conclusion that a removal is timely if filed within 30 days of a court decision which first renders the action removable.

In reaching that decision, the court seems to have relied on *Warren Bros. Co. v. Community Building*, 386 F.Supp. 656 (D.N.C.1974). *See Smith, supra,* at 741. However, the relevant portion of the *Warren Bros.* opinion appears to have held that the dismissal of a named diverse party who is a citizen of the forum, thus previously blocking removal under 28 U.S.C. § 1446(b), must be voluntary in order to trigger the thirty day window for removal. *See Warren Bros., supra,* at 660. It did not deal with the effect of a statutory or case law change expanding the scope of removal jurisdiction. The opinion in *Smith* seems to have relied upon language in *Warren Bros.* to the effect that § 1446(b) applies in any action not originally removable. However, that observation was intended only to point out that the section allowed removal upon any relevant change within a case, whether that was a "subsequent acquisition of diversity of citizenship, increase in the jurisdictional amount in controversy to the federal jurisdictional amount, appearance of a federal question, or … the dismissal of a resident defendant…." *See Warren Bros., supra,* at 660.

In sum, this Court finds that defendant did not timely remove this action as required by § 1446(b). Accordingly, plaintiff's motion to remand must be granted.

Plaintiff also moves, pursuant to 28 U.S.C. § 1447(c), for the costs it has incurred as a result of defendant's removal of this action. This Court shall deny such relief to plaintiff. "[I]t is within the District Court's discretion to award just costs when a case has been removed 'improvidently and without jurisdiction.' " *Bucary v. Rothrock*, 883 F.2d 447, 449 (6th Cir. 1989) (citing 14A Wright, Miller, & Cooper, *Federal Practice and Procedure*, § 3739, at 586 & n. 36 (1985)). Although this Court finds *Smith v. Burroughs Corp., supra,* unpersuasive, it provided defendant with a plausible basis to seek removal in this case.

An Order consistent with this Opinion shall issue forthwith.