**Elena LOZANO, Individually and as Next Friend of Christiane Victoria Lozano, and Maria Feliciana Lozano, et al., Plaintiffs,**

v.

**GPE CONTROLS, et al., Defendants.**

**Civ. A. No. H–94–2414.**

United States District Court,
S.D. Texas,
Houston Division.

Aug. 8, 1994.

Michael John Maloney, Fisher Gallagher & Lewis, Houston, TX, Donna Mae Hilsher, Kingwood, TX, for plaintiffs.

William L. Maynard, Beirne Maynard & Parsons, Gary E. Hill, Phillip & Akers, Houston, TX, for defendants.

## ORDER

HITTNER, District Judge.

Pending before the Court are the motion to remand filed by plaintiffs Elena Lozano, Individually and as Next Friend of Christiane Victoria Lozano, Maria Feliciana Lozano, and others (collectively "plaintiffs") and the motion for sanctions filed by plaintiffs. Having considered the motions, the submissions on file, including the defendants' response to the motion to remand, and the applicable law, the Court determines that the motion to remand should be granted and the motion for sanctions should be denied.

On July 23, 1987, plaintiffs, all of whom are foreign nationals, instituted this action in the 190th Judicial District Court of Harris County, Texas. Plaintiffs assert causes of action for negligence, products liability, and wrongful death arising out of an explosion in Korea in April 1986. On March 13, 1988, defendants GPE Controls and others (collectively "defendants") removed the action to federal court based solely on the diversity of the citizenship of the parties. On January 31, 1990, this Court granted plaintiffs' motion to remand on the grounds that the case was removed improvidently and without federal jurisdiction. *See Lozano v. GPE Controls*, Civil Action No. H–88–1670 (S.D.Tex. Jan. 31, 1990). Subsequently, on July 15, 1994, defendants again removed the action to federal court, and, coincidentally, the action was again randomly assigned to this Court.

Defendants' basis for the instant removal is that federal question jurisdiction exists under Tex.Civ.Prac. & Rem.Code § 71.031. § 71.031 provides in pertinent part that

> An action for damages for the death or personal injury of a citizen ... a foreign country may be enforced in the courts of [Texas], although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if ... in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

Tex.Civ.Prac. & Rem.Code § 71.031 (hereinafter "the Texas treaty statute"). In the instant case, defendants argue that, since damages are being sought on behalf of foreign nationals and the action is based upon an incident that occurred in Korea, the construction of treaty rights is necessary to plaintiffs' claims pursuant to the Texas treaty statute. In support of this argument, defendants rely upon *Kern v. Jeppesen Sanderson, Inc.*, Civil Action No. H–93–3065 (S.D.Tex. June 13, 1994), which is unrelated to the instant action, in which it was held that federal question jurisdiction exists over state claims controlled by the Texas treaty statute, as that section necessarily involves the construction of a United States treaty. Defendants further contend that the action was removed within thirty days of defendants' receipt of the *Kern* opinion on June 16, 1994, and, therefore, the removal was timely under 28 U.S.C. § 1446(b).

Following defendants' removal, plaintiffs filed the instant motion to remand, arguing that no federal question jurisdiction exists under the Texas treaty statute and that the action was untimely removed under § 1446(b). Accordingly, plaintiffs argue, the instant removal was improper and the case should be remanded to state court.

At the outset, the Court notes that removal is construed restrictively so as to limit federal subject matter jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988) (citations omitted). Further, the removing defendant bears the burden of demonstrating that removal was proper and that federal subject matter jurisdiction exists. *Id.* Additionally, any doubts concerning the propriety of removal should be re-

solved in favor of remand. *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F.Supp. 85, 87 (E.D.La.1989). Applying these principles to the instant case, the Court first considers whether the instant action was timely filed pursuant to 28 U.S.C. § 1446(b).

 § 1446(b) provides in pertinent part that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or *other paper from which it may first be ascertained that the case is one which is or has become removable.*

28 U.S.C. § 1446(b) (emphasis added). "Other paper" within the meaning of § 1446(b) refers to papers that are generated within the specific state proceeding which has been removed to federal court. *Accord Nolan v. Boeing Co.*, 715 F.Supp. 152, 155 (E.D.La. 1989) ("other paper" includes only new facts in the specific case that is removed); *Johansen v. Employee Benefit Claims, Inc.*, 668 F.Supp. 1294, 1296 (D.Minn.1987) ("other paper" refers solely to documents generated in the state court litigation); *Holiday v. Travelers Ins. Co. Inc.*, 666 F.Supp. 1286 (W.D.Ark. 1987) ("other paper" covers papers or actions in or a part of the proceedings in the case in which removal is sought). Accordingly, a judicial opinion in an unrelated case does not constitute "other paper" within the meaning of § 1446(b). Thus, the fact that the defendants removed the instant case within thirty days of their receipt of the unrelated opinion in the *Kern* case is irrelevant to a determination of the timeliness of defendants' removal under § 1446(b). Rather, the pertinent inquiry is whether the defendants could ascertain the removability of this action more than thirty days prior to removal based on the documents and conduct of the parties during the state proceedings in this specific case.

In the instant case, the defendants were clearly aware of the foreign citizenship of the plaintiffs and the foreign situs of the explosion on which this action is based when they were initially served with the complaint in 1988. Therefore, the defendants had sufficient knowledge of the applicability of the Texas treaty statute to plaintiffs' claims to assert the Texas treaty statute as another basis for removal in the original notice of removal filed with this Court in 1988.

That the Texas treaty statute was not judicially recognized as a basis for federal question jurisdiction at the time of defendants' original removal does not necessarily mean that defendants could not ascertain the possible removability of this case based on the Texas treaty statute until the decision in *Kern*. Rather, the time at which defendants could first ascertain the removability of this action under the Texas treaty statute depends solely upon the time at which defendants first became aware that the Texas treaty statute may have been applicable to plaintiffs' claims. In this regard, as noted above, the defendants could ascertain that the Texas treaty statute was applicable to this case upon receipt of the original complaint, as the complaint set forth the foreign citizenship of the plaintiffs and the foreign situs of the explosion. Therefore, pursuant to § 1446(b), the defendants were not only entitled but obligated to argue that federal question jurisdiction exists under the Texas treaty statute when they originally removed the action in 1988. Accordingly, the instant removal based on federal question jurisdiction under the Texas treaty statute is untimely, as it was filed more than thirty days after defendants receipt of the complaint from which removability on that basis could be ascertained.

 Finally, the Court elects not to impose sanctions as requested by plaintiffs. However, defendants are advised that the district court is authorized to impose sanctions for a frivolous removal even after determining that the action should be remanded to state court. *Willy v. Coastal Corp.*, —— U.S. ——, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).

Based on the foregoing, the Court

ORDERS that the motion to remand is GRANTED and the motion for sanctions is DENIED.