METROPOLITAN DADE
COUNTY, Plaintiff,

v.

TCI TKR OF SOUTH FLORIDA, INC.,
and Telecommunications, Inc.,
Defendants.

METROPOLITAN DADE
COUNTY, Plaintiff,

v.

MIAMI TELECOMMUNICATIONS, INC.
and TCI Cablevision of Florida, Inc.,
Defendants.

METROPOLITAN DADE
COUNTY, Plaintiff,

v.

TCI TKR OF SOUTH DADE, INC.
and Dade Cable Television,
Inc., Defendants.

Nos. 96–1294–CIV, 96–1296–
CIV and 96–1297–CIV.

United States District Court,
S.D. Florida.

Aug. 14, 1996.

Thomas W. Logue, Assistant Dade County Attorney, Miami, FL, for plaintiff.

Terry Bienstock, Miami, FL, for defendants.

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon the Motion to Remand filed by Plaintiff on June 11, 1996. Defendants TCI TKR of South Florida, Inc. and Tele–Communications, Inc. filed a response on June 26, 1996.

Simultaneously with the filing of their Motion to Remand, Plaintiff filed a Notice of Pending Cases with Identical Legal Issues Relating to Remand. Plaintiff sought to consolidate four cases for purposes of the Motions to Remand. Plaintiff represents to the Court that the petitions for removal are virtually identical and that all Defendants have retained the same counsel. Defendants have filed no objections thereto.

By Order dated August 14, 1996, this Court accepted transfer of two cases pursuant to Local Rule 3.9.

### I. Procedural Background

Plaintiff Metropolitan Dade County (the "County") filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida on March 15, 1996. The County seeks to recover alleged underpayment of fees under a license that allows

Defendants to operate a cable system in various parts of Dade County.

On May 14, 1996, approximately sixty days after the filing of the Complaint, Defendants filed their Notice of Removal, alleging that this Court has original jurisdiction over this action. Specifically, Defendants contend that the sole issue in this case is the proper calculation of franchise fees pursuant to the Cable Communications Policy Act, 47 U.S.C. §§ 542 *et seq.* According to Defendants, this issue directly impinges upon a policy concerning cable communications, bringing it within the ambit of federal question jurisdiction.

Plaintiff argues that Defendants' Notice of Removal contains a fatal procedural error, namely that they were filed more than thirty days after service of the Complaint. It also contends that federal law is implicated only by virtue of Defendants' defense, thereby running afoul of the well-pleaded complaint rule. Finally, Plaintiff claims that the Tax Anti–Injunction Act, 28 U.S.C. § 1341, precludes the exercise of federal court jurisdiction because an efficient and timely remedy can be had in the state court.

### II. Analysis

A petition for removal must be filed within thirty days of service of the initial pleading. 28 U.S.C. § 1446(b). It is undisputed that Defendants filed their Notice of Removal outside the thirty-day limit contemplated by the statute. Defendants contend, however, that a recent opinion of the Federal Communications Commission ("FCC") constitutes an "order or other paper" that makes the case removable more than thirty days beyond service of the complaint. 28 U.S.C. § 1446(b).

The parties dispute whether the FCC opinion satisfies the requirements of Section 1446(b). Federal courts are split on the issue, and the Court of Appeals for the Eleventh Circuit appears not to have been confronted by it. Some courts have held that an "order or other paper" in an unrelated case or proceeding does not trigger the "tolling" provision. *See, e.g., Lozano v. GPE Controls,* 859 F.Supp. 1036, 1038 (S.D.Tex.1994) (disregarding the ruling of a sister federal court that cases like the one before it were removable); *Holiday v. Travelers Ins. Co.,* 666 F.Supp. 1286, 1289 (W.D.Ark.1987) (holding that the decision of another court, including the Supreme Court, does not constitute an "other paper").

Defendants cite an equal number of cases in opposition, all of which hold that a decision of the United States Supreme Court in an unrelated case constitutes or may constitute an "order or other paper" for purposes of determining when a case becomes removable. *E.g., Doe v. American Red Cross,* 14 F.3d 196, 202–02 (3d Cir.1993); *Davis v. Time Ins. Co.,* 698 F.Supp. 1317, 1322 (S.D.Miss.1988). An order or regulation of the FCC has been held to have the force and effect of law. *See Southwestern Bell Tel. Co. v. Public Utility Comm'n,* 812 F.Supp. 706, 708 (W.D.Tex. 1993). Therefore, Defendants reason, the FCC opinion on which they rely is sufficiently analogous to a Supreme Court case to constitute an "order or other paper" for purposes of Section 1446(b).

This Court disagrees. The FCC opinion is more appropriately characterized as analogous to a decision in an unrelated case. The opinion affirmed a prior decision of the FCC's own Cable Bureau, much as a Court of Appeals might affirm a decision of a District Court. As Plaintiff correctly points out, the thirty-day time limit of Section 1446 would be rendered meaningless if subject to revival every time a prior decision was reviewed or upheld by a superior tribunal or court.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiff's Motion to Remand be, and the same is hereby, GRANTED.