98

In re PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

This Document Relates to:

People of the State of Illinois

v.

Abbott Laboratories et al.

Commonwealth of Kentucky

v.

Alpharma, Inc. et al.

Commonwealth of Kentucky

v.

Abbott Laboratories, Inc.

Commonwealth of Kentucky

v.

Warrick Pharmaceuticals Corporation et al.

People of the State of New York

v.

Pharmacia Corporation

People of The State of New York

v.

Aventis Pharmaceuticals, Inc.

People of the State of New York

v.

GlaxoSmithKline, P.L.C. et al.

No. 1456.

No. CIV.A. 01–12257–PBS, CIV.A. 05–12492–PBS, CIV.A. 05–12493–PBS, CIV.A. 05–12494–PBS, CIV.A. 05–12495–PBS, CIV.A. 05–12496–PBS, CIV.A. 05–12497–PBS, CIV.A. 05–12498–PBS.

United States District Court, D. Massachusetts.

March 13, 2006.

Jeffrey B. Aaronson, Bell, Boyd & Lloyd, Chicago, IL, for Baxter International, Inc., Defendant.

Justin S. Antonipillai, Arnold & Porter, Washington, DC, for Ethex Corporation, Defendant.

Daniel F. Attridge, Kirkland & Ellis, Washington, DC, for B. Braun Medical Inc., B.Braun of America, Defendants.

Megan M. Auchincloss, Morrison & Foerster LLP, Denver, CO, for Purdue Pharma L.P., Defendant.

Jennifer Aurora, Sedgwick, Detert, Moran & Arnold LLP, New York, NY, for Organon Pharmaceuticals USA, Inc., Defendant.

Gary L. Azorsky, Berger & Montague, PC, Philadelphia, PA, for Ven–A–Care of the Florida Keys, Inc., Plaintiff.

Susan Hughes Banning, Hemenway & Barnes, Boston, MA, for Neighborhood Health Plan, Inc., Movant.

Anita Bapooji Ryan, Goodwin Procter LLP, Boston, MA, for TAP Pharmaceutical Products, Inc., Defendant.

Jason E. Baranski, Morgan Lewis & Bockius, LLP, Philadelphia, PA, for Pharmacia & Upjohn, Inc., Pharmacia Corp., Defendants.

Steven F. Barley, Hogan & Hartson, LLP, Baltimore, MD, for Amgen Inc., Defendant.

Jessica Vincent Barnett, Foley Hoag LLP, Boston, MA, for Astrazeneca Pharmaceuticals LP, Defendant.

Rebecca Bedwell–Coll, Mascone, Emblidge & Quadra, San Francisco, CA, for Constance Thompson, John B. Rice, Plaintiffs.

Terrianne Benedetto, Kline & Specter, Philadelphia, PA, for International Union of Operating Engineers, Local No. 68 Welfare Fund, Consolidated Plaintiff.

Susan Aaronson, Kline & Specter, P.C., Philadelphia, PA, Mark A. Berman, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., Newark, NJ, for Berlax Laboratories, Inc., Reliant Pharmaceauticals, LLC, Defendants.

Steve W. Berman, Hagens Berman Sobol Shapiro LLP, Seattle, WA, for Shirley Geller, State of Nevada, State of Montana, All Plaintiffs, Government Employees Hospital Association, Pipefitters Local 537 Trust Funds, Plaintiffs.

David J. Bershad, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY, for Citizens for Consumer Justice, Colorado Progressive Coalition, Congress of California Seniors, Florida Alliance for Retired Americans, Health Care For All, Massachusetts Senior Action Council, Masspirg, Minnesota Senior Federation, New Jersey Citizen Action, New York State Wide Senior Action Council, Pennsylvania Alliance For Retired Americans, Vermont Public Interest Research Group, West Virginia Citizen Action, Wisconsin Citizen Action, Citizen Action of New York, Connecticut Citizen Action Group, Gray Panthers of Sacramento, Health Action of New Mexico, Maine Consumers for Affordable Health Care, North Carolina Fair Share, Oregon Health Action Campaign, Oregon State Public Interest Research Group, United Senior Action of Indiana, Inc., Betty Sicher, Jack Douglas, Joan S. Lee, John Bennett, Pearl Munic, Sue Miles, Plaintiffs.

Adelina O. Berumen, California Department of Justice, Bureau of Medi–Cal Fraud, San Diego, CA, for State of California, Plaintiff.

Aimee E. Bierman, Kirkpatrick & Lockhart Nicholson Graham LLP, Boston, MA, for Aventis Behring LLC, Hoechst Marion Roussel, Inc., Aventis Pharma, Aventis Pharmaceuticals Inc., Hoescht Marion Roussel, Inc., Sanofi–Synthelabo, Inc., Defendants.

Brandon L. Bigelow, Bingham McCutchen LLP, Boston, MA, for Takeda Pharmaceuticals North America, Inc., Takeda

Pharmaceutical Company, Limited, Consolidated Defendants.

Scott A. Birnbaum, Birnbaum & Godkin, LLP, Boston, MA, for Ethex Corporation, Defendant.

Sheila L. Birnbaum, Skadden, Arps, Slate, Meagher & Flom, New York, NY, for Schering–Plough Corp., Warrick Pharmaceuticals Corporation, Consolidated Defendants.

Sam B. Blair, Jr., Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C., Memphis, TN, for Monarch Pharmaceuticals, Inc., King Pharmaceuticals, Inc., Defendants.

Jack B. Blumenfeld, Morris, Nichols, Arsht, & Tunnell, Wilmington, DE, for Astrazeneca PLC, Consolidated Defendant.

Thomas L. Boeder, Perkins Cole, Seattle, WA, for Immunex Corp., Defendant.

Anthony Bolognese, Bolognese & Associates, Philadelphia, PA, for United Food & Commercial Workers Unions and Employers Midest Health Benefits Fund, Consolidated Plaintiff.

Jeniphr Breckenridge, Hagens Berman Sobol Shapiro, LLP, Seattle, WA, for All Plaintiffs, Plaintiff.

James J. Breen, The Breen Law Firm, P.A., Alpharetta, GA, for Ven–A–Care of the Florida Keys, Inc., State of California, Plaintiffs.

Julie B. Brennan, Manchel & Brennan, P.C., Newton, MA, for UnitedHealthcare, Inc. & United HealthCare Insurance Company, Unknown.

Douglas S. Brooks, Kelly, Libby & Hoopes, PC, Boston, MA, for Amgen Inc., Defendant.

Nicole Y. Brumsted, Lieff Cabraser Heimann & Bernstein, LLP, Boston, MA, for Citizens for Consumer Justice, Colorado Progressive Coalition, Congress of California Seniors, Florida Alliance for Retired Americans, Health Care For All, Massachusetts Senior Action Council, Masspirg, Minnesota Senior Federation, New Jersey Citizen Action, New York State Wide Senior Action Council, Pennsylvania Alliance For Retired Americans, Vermont Public Interest Research Group, West Virginia Citizen Action, Wisconsin Citizen Action, Plaintiffs.

Michael M. Buchman, Milbert, Weiss, Bershad, Hynes & Lerach, LLP, New York, NY, for Colorado Progressive Coalition, Congress of California Seniors, Florida Alliance for Retired Americans, Health Care For All, Massachusetts Senior Action Council, Masspirg, Minnesota Senior Federation, New Jersey Citizen Action, New York State Wide Senior Action Council, Pennsylvania Alliance For Retired Americans, Vermont Public Interest Research Group, West Virginia Citizen Action, Wisconsin Citizen Action, Citizens for Consumer Justice, Citizen Action of New York, Connecticut Citizen Action Group, Gray Panthers of Sacramento, Health Action of New Mexico, Maine Consumers for Affordable Health Care, North Carolina Fair Share, Oregon Health Action Campaign, Oregon State Public Interest Research Group, United Senior Action of Indiana, Inc., Betty Sicher, Jack Douglas, Joan S. Lee, John Bennett, Pearl Munic, Sue Miles, County of Nassau, Consolidated Plaintiffs.

Brett R. Budzinski, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, for Novartis Pharmaceuticals Corporation, Defendant.

James C. Burling, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, for American Home Products Corp., Biogen, Inc., Defendants.

David J. Burman, Perkins Coie LLP, Seattle, WA, for Immunex Corp., Defendant.

William F. Burns, Glassman Edwards Wade & Wyatt, PC, Memphis, TN, for John V. Digel, Consolidated Plaintiff.

Evan Dean Buxner, Chicago, IL, for All Plaintiffs, Plaintiff.

William P. Campos, Sedgwick, Detert, Moran & Arnold LLP, New York, NY, for Organon Pharmaceuticals USA, Inc., Defendant.

James P. Carroll, Jr., New York, NY, for Suffolk County (N.Y.), Plaintiff.

Tod S. Cashin, Buchanan Ingersoll, PC, Princeton, NJ, for Aventis Behring LLC, Consolidated Defendant.

Ronald L. Castle, Arent, Fox PLLC, Washington, DC, for Chiron, Defendant.

William F. Cavanaugh, Jr., Patterson, Belknap, Webb & Tyler LLP, New York, NY, for Centocor, Inc., Johnson & Johnson, Ortho Biotech Products, L.P., Johnson & Johnson Health Care Systems, Inc., Ortho McNeil Pharmaceuticals, Inc., Ortho-Neutrogena, Defendants.

David J. Cerveny, Proskauer Rose LLP, Boston, MA, for Novartis Pharmaceuticals, Defendant.

Eric P. Christofferson, Ropes & Gray, LLP, Boston, MA, for Schering-Plough,Corp, Warrick Pharmaceuticals Corporation, Genzyme Corporation, Defendants.

Joanne M. Cicala, New York, NY, for Suffolk County (N.Y.), County of Westchester, County of Rockland, County of Onondaga, The City of New York, County of Chenango, County of Cortland, County of Dutchess, County of Lewis, County of Ontario, County of Orleans, County of Schuyler, County of Seneca, Essex County, The County of Columbia, Consolidated Plaintiffs.

Toni–Ann Citera, Jones Day, New York, NY, for Abbott Laboratories, Abbott Laboratories, Inc., TAP Pharmaceutical Products, Inc., Defendants.

Daniel J. Cloherty, Dwyer & Collora LLP, Boston, MA, for Bristol–Myers Squibb Company, Oncology Therapeutics Network Corp., Defendants.

Stephen L. Coco, Robins, Kaplan, Miller & Ciresi LLP., Boston, MA, for Blue Cross Blue Shield of Massachusetts, Inc., Interested Party.

Barak Cohen, Kirkland & Ellis LLP, Washington, DC, for Barr Pharmaceuticals, Inc., Consolidated Defendant.

Jonathan D Cohen, Greenberg Traurig, LLP, Boston, for Mylan Laboratories, Inc., King Pharmaceuticals, Inc., Monarch Pharmaceuticals, Inc., Mylan Pharmaceuticals, Inc., UDL Laboratories, Inc., Mylan Laboratories, Inc., Defendants.

Nathan Cohen, Kaye Scholer LLP, New York, NY, for Novartis Pharmaceuticals Corporation, Defendant.

Jeremy P. Cole, Jones Day, Chicago, IL, for Abbott Laboratories, Defendant.

Robert Christopher Cook, Jones Day, Washington, DC, for Abbott Laboratories, Defendant.

Michael Coons, Kirby McInerney & Squire LLP, New York, NY, for Suffolk County (N.Y.), County of Dutchess, Consolidated Plaintiffs.

Richard M. Cooper, Williams & Connolly LLP, Washington, DC, for Par Pharmaceutical, Inc., Defendant.

Cara E. Corbett, Robins, Kaplan, Miller & Ciresi LLP, Boston, MA, for Aventis Pharmaceuticals Inc., Defendant.

Michael R. Costa, Greenberg Traurig, LLP, Boston, MA, for Mylan Laboratories, Inc., Defendant.

Richard J. Costa, NYC Law Department, New York, NY, for The City of New York, Consolidated Plaintiff.

Paul J. Coval, Vorys, Sater, Seymour and Pease, LLP, Columbus, OH, for Bedford Laboratories, Ben Venue Laboratories Inc., Boehringer Ingelheim Corp., Consolidated Defendants.

David M. Covey, Sedgwick, Detert, Moran & Arnold LLP, New York, NY, for Organon Pharmaceuticals USA, Inc., Defendant.

William M. Cowan, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, Boston, MA, for Eli Lilly and Company, Defendant.

Florence A Crisp, Davis Polk & Wardwell, New York, NY, for Astrazeneca PLC, Consolidated Defendant.

Wayne A. Cross, White & Case LLP, New York, NY, for Sandoz, Inc., Defendant.

Jonathan W. Cuneo, Cuneo Law Group, Washington, DC, for Shirley Geller, Consolidated Plaintiff.

Christopher J. Cunio, Cooley, Manion, & Jones, LLP, Boston, MA, for ICN Pharmaceuticals, Inc., Defendant.

Joseph Danis, The David Danis Law Firm, P.C., St. Loius, MO, for Citizen Action of New York, Connecticut Citizen Action Group, Gray Panthers of Sacramento, Health Action of New Mexico, Maine Consumers for Affordable Health Care, North Carolina Fair Share, Oregon Health Action Campaign, Oregon State Public Interest Research Group, United Senior Action of Indiana, Inc., Betty Sicher, Jack Douglas, Joan S. Lee, John Bennett, Pearl Munic, Sue Miles, All Plaintiffs, Plaintiffs.

Kelly J. Davidson, Ober, Kaler, Grimes, & Shriver, A Professional Corporation, Baltimore, MD, for Wyeth, Defendant.

William A. Davis, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, Washington, DC, for Eli Lilly and Company, Defendant.

Michael DeMarco, Foley & Lardner, LLP, Washington, DC, for Aventis Behring LLC, Aventis Pharmaceuticals Inc., Sanofi–Synthelabo, Inc., Defendants.

Frankie Sue Del Papa, Attorney General's Office, Carson City, NV, for State of Nevada, Plaintiff.

Merle M. Delancey, Jr., Dickstein Shapiro Morin & Oshinsky LLP, Washington, DC, for Baxter International, Inc., Baxter Healthcare Corp., Baxter Pharmaceutical Products, Inc., Consolidated Defendants.

Stephen R. Delinsky, Eckert Seamans Cherin & Mellott, LLC, Boston, MA, for Par Pharmaceutical, Inc., Defendant.

Jeanne E. Demers, Foley & Lardner, LLP, Washington, DC, for Aventis Pharmaceuticals Inc., Defendant.

Steven S. Diamond, Arnold & Porter LLP, Washington, DC, for Ethex Corporation, Defendant.

Sheryl L. Dickey, White & Casey LLP, New York, NY, for Sandoz, Inc., Defendant.

Nada Djordjevic, Jenner & Block, LLP, Chicago, IL, for Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceutical Company, Limited, Consolidated Defendants.

John C. Dodds, Morgan Lewis & Boskius, LLP, Philadelphia, PA, for Pharmacia & Upjohn, Inc., Pharmacia Corp., Pfizer, Inc., Consolidated Defendants.

Lloyd Donders, Kirby McInerney & Squire, New York, NY, for Suffolk County (N.Y.), County of Rockland, Consolidated Plaintiffs.

Alan J. Droste, Pillsbury Winthrop, Costa Mesa, CA, for Gensia Sicor Pharmaceuticals, Inc., Defendant.

Rebecca L. Dubin, Arnold & Porter LLP, Washington, DC, for Gilead Sciences, Inc., Defendant.

Paul K Dueffert, William & Connolly, LLP, Washington, DC, for Par Pharmaceutical, Inc., Defendant.

James J. Duffy, Davis Polk & Wardwell, New York, NY, for Astrazeneca PLC, Consolidated Defendant.

Dennis M. Duggan, Jr., Nixon Peabody, LLP, Boston, MA, for Alpha Therapeutic Corporation, Defendant.

Kimberly A. Dunne, Sidley Austin Brown & Wood, Los Angeles, CA, for Baxter Pharmaceutical Products, Inc., Consolidated Defendant.

Thomas E. Dwyer, Jr., Dwyer & Collora, LLP, Boston, MA, for Bristol–Myers Squibb Company, Oncology Therapeutics Network Corp., Bristol–Myers Squibb Company a/k/a Bristol–Myers Oncology Division/Hiv Products, Intervenor Defendants.

Marc H. Edelson, Hoffman & Edelson, Doylestown, PA, for United Food & Commercial Workers Unions and Employers Midest Health Benefits Fund, Consolidated Plaintiff.

Mitchell Edwards, Morgan Lewis & Bockius, LLP, Philadelphia, PA, for Pharmacia & Upjohn, Inc., Pharmacia Corp., Defendants.

Steven M. Edwards, Hogan & Hartson, LLP, New York, NY, for Oncology Therapeutics Network Corp., Bristol–Myers Squibb Company, Apothecon, Consolidated Defendants.

Robert G. Eisler, Lieff Cabraser Heimann & Bernstein, LLP, New York, NY, for Citizens for Consumer Justice, Colorado Progressive Coalition, Congress of California Seniors, Florida Alliance for Retired Americans, Health Care For All, Massachusetts Senior Action Council, Masspirg, Minnesota Senior Federation, New Jersey Citizen Action, New York State Wide Senior Action Council, Pennsylvania Alliance For Retired Americans, Vermont Public Interest Research Group, West Virginia Citizen Action, Wisconsin Citizen Action, Plaintiffs.

Jacob T. Elberg, Dwyer & Collora, LLP, Boston, MA, for Bristol–Myers Squibb Company, Oncology Therapeutics Network Corp., Defendants.

G. Scott Emblidge, Moscone, Emblidge & Quadra, San Francisco, CA, for Constance Thompson, Plaintiff.

William A. Escobar, Kelley Drye & Warren LLP, New York, NY, for Dey, Inc., Defendant.

Lisa A. Estrada, Arent Fox PLLC, Washington, DC, for Chiron, Defendant.

John Clayton Everett, Jr., Morgan, Lewis, & Bockius LLP, Washington, DC, for Pfizer, Inc., Pharmacia, Inc., Defendants.

Bruce E. Falby, DLA Piper Rudnick Gray Cary U.S. LLP, Boston, MA, for Sicor, Inc., Defendant.

Douglas Farquhar, Hyman, Phelps & McNamara, P.C., Washington, DC, for Watson Pharmaceuticals, Inc., Parmed Pharmaceuticals, Inc., Interested Party.

Eric B. Fastiff, Leiff, Cabraser, Heimann & Bernstein, LLP, San Francisco, CA, for Citizen Action of New York, Connecticut Citizen Action Group, Gray Panthers of Sacramento, Health Action of New Mexico, Maine Consumers for Affordable Health Care, North Carolina Fair Share, Oregon Health Action Campaign, Oregon State Public Interest Research Group, United Senior Action of Indiana, Inc., Betty Sicher, Jack Douglas, Joan S. Lee, John Bennett, Pearl Munic, Sue Miles, Plaintiffs.

David D. Fauvre, Arnold & Porter LLP, Washington, DC, for Endo Pharmaceuticals, Inc., Defendant.

Joseph B.G. Fay, Morgan Lewis & Bockius, LLP, Philadelphia, PA, for Pharmacia & Upjohn, Inc., Pharmacia Corp., Defendants.

Brian G. Fedotin, Shook, Hardy, & Bacon LLP., Kansas City, MO, for A.

### *MEMORANDUM AND ORDER*

SARIS, District Judge.

### I.  INTRODUCTION

The question raised in these related remand motions is whether a new Supreme Court decision can be an "order or other paper from which it may first be ascertained" that a case is removable under 28 U.S.C. § 1446(b). Plaintiffs Illinois, Kentucky and New York brought these seven actions in various state courts alleging that the defendant pharmaceutical companies misrepresented average wholesale prices in violation of state law. The defendants removed all seven cases to federal court in the wake of *Grable & Sons Metal Prods., Inc. v. Dariel Eng'g & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 2364, 162 L.Ed.2d 257 (2005), which clarified when state-law claims may implicate sufficiently substantial federal issues to support the exercise of federal question jurisdiction on removal.

Plaintiffs moved to remand on the grounds (1) that the removal petitions were untimely under § 1446(b) and (2) that there is no federal question jurisdiction under *Grable.*

After hearing, the Court concludes that *Grable* did not restart the clock for removal and thus, remands all actions for untimeliness.

### II.  BACKGROUND

All seven actions arise out of the same alleged scheme by the defendant pharmaceutical companies to fraudulently inflate the prices of drugs by misstating the "Average Wholesale Price" ("AWP") of their drugs in industry publications. These allegations have engendered an enormous class action suit and multi-district litigation in this Court. This Court has fully outlined these allegations in earlier orders. *See, e.g., In re Pharm. Indus. Average Wholesale Price Litig.,* 230 F.R.D. 61 (D.Mass.2005); *Montana v. Abbot Labs.,* 266 F.Supp.2d 250 (D.Mass.2003). A summary of the pertinent procedural history of these seven actions follows.

The Attorneys General of Illinois, Kentucky and New York separately filed seven complaints in various state courts between 2003 and 2005.[1] In the three New York cases, the defendants removed to federal court within thirty days of the initial complaints.[2] The Attorney General of New York filed timely motions to remand. Af-

---

1.  The Attorney General of Illinois filed a complaint in Illinois state court against Abbott Laboratories et al. on February 7, 2005.

   The Attorney General of Kentucky filed two complaints in Kentucky state court respectively against Abbott Laboratories, Inc. and Warrick Pharmaceuticals Corporation et al. on September 15, 2003, followed by amended complaints on October 14, 2003. The Attorney General of Kentucky filed a third complaint in Kentucky state court against Alpharma, Inc. et al. on November 4, 2004, followed by an amended complaint on May 12, 2005.

   The Attorney General of New York filed two complaints in New York state court respectively against GlaxoSmithKline, P.L.C. et al. and Pharmacia Corporation on February 13, 2003. The Attorney General of New York filed a third complaint in New York state court against Aventis Pharmaceuticals, Inc. on February 26, 2003.

2.  Pharmacia Corporation removed its case on March 11, 2003. GlaxoSmithKline, P.L.C. et al. removed its case on March 12, 2003. Aventis Pharmaceuticals, Inc. removed its case on March 13, 2003.

ter the Judicial Panel on Multi–District Litigation (the "JPMDL") ordered that the New York cases be transferred to this Court for inclusion in the Pharmaceutical Industry Average Wholesale Price Litigation, M.D.L. No. 1456 (the "AWP MDL"), this Court allowed the motions to remand to state court based on *Montana,* 266 F.Supp.2d at 256 (relying on First Circuit precedent interpreting *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). (Docket No. 558.) In the Illinois case and the three Kentucky cases, the defendants did not file any notices to remove within thirty days of the initial or amended complaints.

On June 13, 2005, the Supreme Court issued *Grable,* resolving the split within the Courts of Appeals in interpreting *Merrell Dow. Grable,* 125 S.Ct. at 2366. On July 13, 2005, within thirty days of the *Grable* decision, the defendants in all seven cases filed notices of removal to federal court based on federal question jurisdiction under *Grable.* Regarding the threshold issue of timeliness, the defendants conceded that they had not removed within thirty days of the initial pleadings but asserted that *Grable* constituted an "other paper from which it may first be ascertained" that the cases were removable under § 1446(b). The plaintiffs filed timely motions to remand in each case.[3]

On December 9, 2005, this Court received all seven cases for inclusion in the AWP MDL pursuant to a JPMDL transfer order. The Court held a hearing on January 27, 2006.

### III. DISCUSSION

■ The threshold question this Court must consider is the timeliness of the notices of removal that the defendants filed on July 13, 2005. Under the first paragraph of 28 U.S.C. § 1446(b), a defendant must seek removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" or "after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Under the second paragraph of § 1446(b), if there are no grounds to remove the case based on the initial pleadings or summons, the defendant may also file a notice of removal

within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* The removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action. *See, e.g., Danca v. Private Health Care Sys., Inc.,* 185 F.3d 1, 4 (1st Cir.1999).

■ In all seven removal petitions at issue here, it is undisputed that the defendants did not remove within thirty days of the initial pleadings or summons under the first paragraph of § 1446(b). The removal notices are thus timely only if the *Grable* decision constitutes an "order or other paper" that restarts the thirty-day clock.

While the First Circuit has not had occasion to address "order or other paper," two

---

**3.** The Attorney General of Illinois moved to remand its case against Abbott Laboratories et al. on July 21, 2005. The Attorney General of Kentucky moved to remand its cases against Abbott Laboratories, Inc., Alpharma, Inc. et al., and Warrick Pharmaceuticals Cor-

poration et al. on July 25, 2005. The Attorney General of New York moved to remand its cases against Aventis Pharmaceuticals, Inc., GlaxoSmithKline, P.L.C. et al., and Pharmacia Corporation on August 5, 2005.

district courts in the First Circuit have interpreted the term "other paper" narrowly. In *Mill–Bern Assocs., Inc. v. Dallas Semiconductor Corp.*, 69 F.Supp.2d 240 (D.Mass.1999) (O'Toole, J.), the court held that deposition testimony was not "other paper" using the "customary canons of statutory interpretation." *Id.* at 242–44. As part of a series—"amended pleading, motion, order or other paper"—the court found that the term "other paper" "should be understood to describe something that shares some common characteristic or quality with the other terms in the series." *Id.* at 242. As such, the term "other paper" should not encompass "correspondence, documents examined in the course of discovery, and perhaps even reported cases," because doing so would be contrary to the canon of *ejusdem generis,* which "requires consulting the context in which the words appear for help in understanding the meaning to be given them," and would make the other terms in the series "superfluous." *Id.* at 242–43. *See also Borgese v. Am. Lung Ass'n of Me.*, 2005 WL 2647916 at *2 (D.Me.2005) (finding letter between counsel not to be "other paper"); *but see Kiedaisch v. Nike, Inc.,* 2004 WL 368320 at *2 n. 1 (D.N.H.2004) (noting that the issue of whether a deposition constitutes "other paper" is open to some debate).

By employing similar principles of statutory construction, most courts have held that an unrelated court decision is not an "order or other paper" for purposes of § 1446(b). *See, e.g., Morsani v. Major League Baseball,* 79 F.Supp.2d 1331, 1333–34 (M.D.Fla.1999) (finding that Supreme Court decision changing removal rules is not "order or other paper"); *Kocaj v. Chrysler Corp.,* 794 F.Supp. 234, 236–37

(E.D.Mich.1992) (finding that Supreme Court decision expanding scope of removal jurisdiction is not "other paper"); *Holiday v. Travelers Ins. Co.,* 666 F.Supp. 1286, 1289–90 (W.D.Ark.1987) (finding that "other paper" is limited to "papers or actions" of the parties to the litigation in question and does not include two Supreme Court decisions that clarified removal jurisdiction); *Sclafani v. Ins. Co. of N. Am.,* 671 F.Supp. 364, 365 (D.Md.1987) (stating that § 1446(b) "does *not* include, as an 'order or other paper,' *a subsequent court decision, in a wholly unrelated case, defining what constitutes a basis for removal to the federal court* " (quotations and citation omitted)); *see also* 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3732 (3d ed. 1998) ("[T]he publication of opinions by other courts dealing with subjects that potentially could affect a state court suit's removability ... are not recognized as 'other paper' sources for purposes of starting a new thirty-day period under Section 1446(b)."). *But see Davis v. Time Ins. Co.,* 698 F.Supp. 1317, 1321–22 (S.D.Miss.1988) ("[T]his Court perceives no difference between a situation where an amended complaint adds a new federal question and one where a recent United States Supreme Court decision invigorates a pleading with federal character."); *Smith v. Burroughs Corp.,* 670 F.Supp. 740, 741 (E.D.Mich. 1987) (stating that the "statute on its face indicates that it covers virtually any situation in which an action not initially removable later becomes removable").[4]

Similarly, most courts agree that a change in statutory law regarding removability is not "other paper" for purposes of restarting the clock under § 1446(b). *See, e.g., Coman v. Int'l Playtex, Inc.,* 713

---

**4.** Five years after *Smith,* a court in the same district found *Smith* to be unpersuasive. *Ko-*  *caj,* 794 F.Supp. at 237.

F.Supp. 1324, 1326–27 (N.D.Cal.1989) (holding that statutory change in diversity requirements is not "other paper"); *Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466, 1467–69 (C.D.Cal.1989) (finding that Congress did not intend for enactment of new statutes to constitute "other paper"); *see also* Adam C. Clanton, *Uncertainty in Federal Removal Procedure: The Riddle of the "Other Paper"*, 71 Def. Couns. J. 388, 396 (2004) ("[E]xternal case law or statutory amendments that alter diversity requirements to support federal jurisdiction are also insufficient to trigger removal.").

In some limited circumstances, however, courts have held that a new Supreme Court decision may constitute an "order" within the meaning of § 1446(b). In *Doe v. Am. Red Cross*, 14 F.3d 196 (3d Cir. 1993):

> The American Red Cross and the American National Red Cross (hereinafter "Red Cross") have been sued in state courts across the country by plaintiffs claiming that they contracted Acquired Immune Deficiency Syndrome (AIDS) through contaminated blood transfusions and that their injuries were caused by negligence on the part of the Red Cross. In a common pattern, the Red Cross removed these actions to federal court, only to have some of them remanded on the ground that its charter did not confer original jurisdiction on the federal courts. While these remanded cases were pending in state courts, the Court issued its order in *S.G.* authorizing the Red Cross to remove "any state-law actions it is defending." In response to *S.G.*, the Red Cross typically removed the actions it was defending to federal court, and again plaintiffs sought remand.

*Doe*, 14 F.3d at 197–98 (citation omitted). Citing the Supreme Court's language in *S.G.* that the Red Cross "is thereby authorized to removal from state to federal court of any state-law action it is defending," the Third Circuit in *Doe* concluded that "*S.G.* was a direction authoritatively given to Red Cross and any party who might litigate against Red Cross" and permitted removal under the § 1446(b) term "order." *Doe*, 14 F.3d at 201–02 (quoting *S.G.*, 505 U.S. at 248, 112 S.Ct. 2465). However, the Third Circuit expressly limited its holding by stating that a court decision

> must be sufficiently related to a pending case to trigger Section 1446(b) removability. We believe that an order is sufficiently related when, as here, [1] the order in the case came from a court superior in the same judicial hierarchy, [2] was directed at a particular defendant and [3] expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues.

*Id.* at 202–03. Moreover, *Doe* expressly stated that its decision did not construe the § 1446(b) term "other paper." *Id.* at 202.

Similarly, in *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263 (5th Cir.2001), a suit brought by plaintiffs in Texas state court against various tobacco companies, the Fifth Circuit found that its decision in *Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486 (5th Cir.1999) constituted an "order" for purposes of § 1446(b). *Green*, 274 F.3d at 268. The Fifth Circuit applied the three-part test enumerated by the Third Circuit in *Doe* to determine whether *Sanchez* and *Green* were sufficiently related.

> [H]ere the defendants R.J. Reynolds, Brown and Williamson, and Philip Morris were all defendants in the *Sanchez* case, which involved a similar factual situation and legal conclusion (that Tex. Civ. Prac. & Rem.Code § 82.004 bars

most products liability actions against manufacturers or sellers of cigarettes). Although *Sanchez* did not explicitly discuss removal, the effect of the decision in Sanchez has a similar effect on our case as the *S.G.* decision had on American Red Cross, i.e. that these defendants cannot be sued under Texas law. The similarities between this case and *Sanchez* bring this case within the limited parameters of American Red Cross. We therefore hold that the *Sanchez* opinion, under these very narrow circumstances, was an "order" for purposes of § 1446(b) removal in this case involving the same defendants, and a similar factual situation and legal issue.

*Green,* 274 F.3d at 268. *See also Young v. Chubb Group of Ins. Cos.,* 295 F.Supp.2d 806, 808 (N.D.Ohio 2003) (permitting removal where cases involved same defendant and "similar facts and legal issues regarding the removability" of a case and thus, were "sufficiently related").

Here, the defendants argue that under *Doe* and *Green,* the Supreme Court's *Grable* decision constitutes "other paper" within the meaning of § 1446(b) because it invalidates First Circuit precedent expressly relied upon by this Court in *Montana.* In *Montana,* this Court found that under *Merrell Dow,* "where a state-law claim includes as a necessary element the violation of a federal statute, the federal statute must provide a private remedy for violation of that standard, for federal-question jurisdiction to obtain." *Montana,* 266 F.Supp.2d at 256 (citing, inter alia, *PCS 2000 LP v. Romulus Telecomms., Inc.,* 148 F.3d 32, 35 (1st Cir.1998); *Nashoba Commc'ns Ltd. P'ship No. 7 v. Town of Danvers,* 893 F.2d 435, 439 (1st Cir.1990)).

The Supreme Court subsequently decided *Grable.* Resolving a split within the Courts of Appeals on whether *Merrell Dow* "always requires a federal cause of action as a condition for exercising federal-question jurisdiction," *Grable* found that "*Merrell Dow* should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." *Grable,* 125 S.Ct. at 2370. Rejecting the bright-line rule adopted by several Courts of Appeals including the First Circuit, *Grable* set forth a three-part test where (1) the state action must disclose a contested federal question (2) that is substantial, "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum" and (3) that qualifies "for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 2367.

In the defendants' view, the issue of defining the term AWP in the federal Medicare statute, 42 U.S.C. § 1395u(*o*), meets the *Grable* three-part test for determining when a state law raises a federal question; that is to say, it is a contested federal issue, the issue is substantial, and allowing federal jurisdiction would be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable,* 125 S.Ct. at 2367. The defendants also argue that their removals were timely because *Grable* constitutes "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Plaintiffs disagree with both contentions.

While it is a close question whether federal jurisdiction exists under the *Grable* three-part test, every court which has addressed the timeliness issue has declined to adopt the defendants' position in the

context of *Grable* and AWP litigation. *See, e.g., Wisconsin v. Abbott Labs.*, 390 F.Supp.2d 815, 824–25 (W.D.Wis.2005) (stating that even if grounds for removal were proper, removal was untimely); *Minnesota v. Pharmacia Corp.*, 2005 WL 2739297 at *2–3 (D.Minn.2005) (same); *Pennsylvania v. Tap Pharm. Prods., Inc.*, 415 F.Supp.2d 516, 526–27 (E.D.Pa.2005) (same). Unlike the situations in *Doe* and *Green*, *Grable* and the AWP MDL do not involve the same defendants or similar factual issues. *Grable* concerned a quiet title action between a former landowner and the tax sale purchaser, while the AWP MDL involves allegations against pharmaceutical companies for inflating their AWPs for prescription drugs. While there are policy arguments for permitting removal where a closely related case has been reversed on appeal, here the connection between the Supreme Court case and this litigation is too tenuous; *Grable* and the AWP MDL involve wholly different statutes and unrelated parties. Permitting removal in these circumstances would contravene the congressional policy of "not permitting interrup[tion] of the litigation of the merits of a removed case by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed." *United States v. Rice*, 327 U.S. 742, 751, 66 S.Ct. 835, 90 L.Ed. 982 (1946).

Accordingly, the Court finds that *Grable* is not an "order or other paper" under § 1446(b) and that the defendants' notices of removal are untimely.

### ORDER

Plaintiffs' motions to remand are *ALLOWED*.